# CASES AT LAW

# COURT OF ERRORS AND APPEALS

OF THE

## STATE OF NEW JERSEY,

NOVEMBER TERM, 1900.

---

THE MECHANICS NATIONAL BANK OF TRENTON, PLAINT-
IFF IN ERROR, v. CHARLES H. BAKER, RECEIVER OF
TAXES, DEFENDANT IN ERROR.

| 65 | 549 |
|----|-----|
| f65 | 687 |

Submitted December 11, 1900—Decided March 4, 1901.

1. By the provisions of section 5219 of the federal statutes respecting national banks the shares of their stock may be taxed to the owners thereof by the states, subject to the restriction that such taxation shall not be at a greater rate than is assessed upon other moneyed capital in the hands of individual citizens of such state. This restriction having been construed by the federal courts to relate to such other moneyed capital as, by its use, comes into competition with the business of national banks, the owners of national bank stock may require the courts to consider and determine whether such other moneyed capital is taxed by state laws at a less rate than is imposed thereby upon national bank stock.

2. By our law owners of national bank stock are to be taxed thereon at its true value. Trust companies organized under our law are authorized to engage in business which is in competition with the business of national banks, and are to be taxed to the amount of their capital stock issued and outstanding.

549

3. Whether, if by the correct construction of the Trust Companies act, such companies are to be taxed upon the par value of their stock, and no more, the discrimination against national bank stock which will result when the stock of trust companies has a higher value than par, is violative of the restriction of section 5219, or whether the relief of the owners of national bank stock from assessment excessive in amount is only to be had when it appears that such excess, in fact, exists in any particular case— *Held*, not to be necessary to decide.

4. By the true construction of the Trust Companies act the tax is to be imposed upon such companies as to the whole number of the shares of stock issued and outstanding, not at their par, but at their real value.

On error to the Supreme Court. For opinion of the Supreme Court, see *ante p.* 113.

For the plaintiff in error, *William M. Lanning.*

For the defendant in error, *John Rellstab.*

The opinion of the court was delivered by

MAGIE, CHANCELLOR. The contest in this case relates to the imposition of taxes upon shares of the capital stock of plaintiff in error, owned by persons not resident in this state, and assessed in 1899 against the plaintiff in error under the provisions of the supplement to the Tax act, approved April 1st, 1869. *Gen. Stat., p.* 3302, § 101.

The correctness of the assessment of the tax in dispute was contested in the court below on various grounds. The same contest has been renewed before us.

In respect to all the grounds of objection except one, the opinion of Mr. Justice Dixon in the Supreme Court is entirely satisfactory to us. In respect to that objection, we concur in the conclusion reached by him, but prefer to rest the conclusion upon another reason.

The objection to which I refer is founded upon one of the restrictions contained in section 5219 of the federal statutes respecting national banks. *U. S. Rev. Stat., p.* 1015. By section 5219 permission to tax the shares of national banks in the hands of the owners is given, subject to two restric-

tions; one of which reads as follows: "That the taxation shall not be at a greater rate than is assessed upon other moneyed capital in the hands of individual citizens of such state."

In determining whether this restriction is applicable in any particular case, a comparison between the rate of taxation imposed upon national bank shares and that imposed upon other moneyed capital is required to be made. It has been settled by the Supreme Court of the United States that the "other moneyed capital" intended by this legislation is such capital as, in its use, comes into competition with the business of national banks. *Aberdeen Bank* v. *Chehalis,* 166 *U. S.* 440; *Mercantile Bank* v. *New York,* 121 *Id.* 138.

The contention which was made below and has been renewed here is, that trust companies organized under the laws of this state do a business which competes with the business of national banks, and that the taxation upon such trust companies is at a less rate than that imposed upon the owners of shares of national bank stock. It does not seem open to question that trust companies thus organized do a business which is in competition with the business of such banks.

The act concerning trust companies (*Pamph. L.* 1899, *p.* 450, § 29) provides for the taxation of every trust company in the taxing district where its office is situated, upon the "amount of its capital stock issued and outstanding." In the court below this was construed as imposing upon each trust company a tax based upon the par value of its capital stock and no more. It was assumed that, by our laws, taxation upon the shares of national banks is required to be imposed upon their real value. Since taxation upon the moneyed capital of trust companies at its par value might necessarily at times be less than a taxation upon its real value, a discrimination against the owners of national bank stock would seem to be provided by law.

But the court below was of opinion that this discrimination did not justify the objection of plaintiff in error against the tax in question, because it did not appear in the case that the shares of any trust company were, in fact, assessed at less than their real value. It was further declared that if it had

appeared that such shares were taxed at less than their real value, the owners of shares of national banks stock might require the tax upon their stock to be proportionately reduced. We are not prepared to dispose of this objection upon that ground, or to pronounce upon its being correct. Nor are we prepared to admit that taxation upon trust companies, under our law, is limited to the par value of their capital stock. The language of the Trust Companies act, above quoted, requires the imposition of taxes upon "the amount of its capital stock issued and outstanding." By the act of 1869, under the provisions of which it was properly held that taxation could be imposed upon the non-resident owners of the stock of national banks, the tax is to be assessed through the medium of the bank "to the amount of such shares so owned or held by non-residents." By the provisions of section 34 of the "Act concerning banks and banking," approved March 24th, 1899 (*Pamph. L., p.* 431), the tax hereafter to be imposed upon shares of all bank stock owned or held by non-residents is to be assessed "to the amount of such shares." As these acts impose a tax upon resident owners of bank stock by language which requires its assessment upon its real value, it is obvious that the imposition upon non-resident stockholders must also be upon the real value of their stock, or the legislation would be obnoxious to our constitutional requirement that taxation must be by general laws and by uniform rules. They have, therefore, always been construed as requiring the tax upon non-resident stockholders to the amount of their stock, not at its par value, but at its real value. Such a construction is possible and natural, and properly made, in order to preserve the constitutional validity of the legislation.

A like construction may be given to the Trust Companies act in question. Unless so construed, it is obvious that the act would not provide for taxation "according to true value." As the act may be read as imposing the tax for the whole amount of the stock at its true value, such construction should be given to it, to avoid the constitutional objection which might otherwise be interposed. Such a construction has lately

been given to the language by the Supreme Court, and the opinion of Mr. Justice Van Syckel supports the conclusion by satisfactory reasons. *Fidelity Trust Co.* v. *Vogt, Receiver,* February Term, 1901.

Upon this construction of the act respecting trust companies the whole of the shares of the stock of such companies is to be assessed and taxed, not at their par value, but at their real value. In that view the assessment and imposition upon them is exactly equivalent to that upon shares of national bank stock, and therefore not prohibited by the restriction annexed to section 5219 of the federal statutes. Upon this ground, therefore, we think the conclusion reached below was correct.

The judgment must be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, FORT, GARRETSON, BOGERT, KRUEGER, HENDRICKSON, ADAMS, VREDENBURGH, VOORHEES. 11.

*For reversal*—None.