HEULINGS LIPPINCOTT, PROSECUTOR, v. ISAAC LIPPINCOTT, COLLECTOR OF TAXES OF CHESTER TOWNSHIP, IN THE COUNTY OF BURLINGTON, AND THE TOWNSHIP OF CHESTER, IN THE COUNTY OF BURLINGTON.

Submitted November 7, 1906—Decided February 25, 1907.

1. The owners of national bank stock are to be taxed thereon at its true value.
2. In ascertaining the true value of the shares of such stock for the purpose of taxation, the act approved May 11th, 1905 (*Pamph. L., p.* 457), does not require that the non-taxable property of the banks should be deducted from their assets.
3. The only effect of that act is to allow an individual taxpayer to claim the same deductions and exemptions as against the assessment of his shares of national bank stock as he might against the assessment of his other personal property.

On *certiorari.*

· Before Justices HENDRICKSON, SWAYZE and TRENCHARD.

For the prosecutor, *French & Richards.*

For the defendants, *Joseph Kaighn* and *Daniel V. Sum-merill, Jr.*

The opinion of the court was delivered by

TRENCHARD, J.   This writ of *certiorari* brings up for review an assessment of taxes made by the township of Chester, in the county of Burlington, against the prosecutor, Heulings Lippincott, for two hundred and sixteen shares of stock of the National State Bank of Camden, at $67.50 per share, making a value of $14,580.

The taxes were assessed for the year 1905.   On May 20th, 1905, the bank had as capital stock, surplus and undivided profits, $529,348.99.   Of this it had real estate, $85,685; stocks and bonds, $96,850; mortgages, $3,500, and United States bonds and premiums, $108,875.

In ascertaining the value of prosecutor's shares the assessor deducted from the assets of the bank the assessed valuation of the real property of the bank and made no other deduction or exemption therefrom.

It is conceded that the stocks, bonds, mortgages and United States bonds and premiums in which the capital stock, surplus and undivided· profits were invested, are non-taxable in the hands of individuals.

If, in making the assessment, the stockholder was entitled to have the assessor deduct the non-taxable securities in which the assets of the bank were invested, the assessment was erroneous and excessive; if, on the contrary, he was not entitled to have such securities deducted, the assessment was right.

The sole question, therefore, is whether the holder of shares of bank stock is entitled to have the assessor, when he values the shares, deduct from the assets, in addition to the assessed valuation of the real property of the bank, the value of the non-taxable securities held by the bank as a part of its assets.

It has been held by the Supreme Court of the United States that national bank shares are liable, under the acts of congress, to state taxation, although the entire capital of the bank is invested in United States bonds; that bank shares represent proprietary interests distinct from that of the capital stock. *People* v. *Commissioners,* 4 *Wall.* 244; *Lionberger* v. *Rouse,* 9 *Id.* 468; *Mercantile Bank* v. *New York,* 121 *U. S.* 138.

In *Evansville Bank* v. *Britton,* 105 *U. S.* 322, it was held that under certain limitations national bank shares are taxable with exclusive reference to their value, and without regard to the nature of the property held by the bank as a corporation.

In our own state it was held that owners of national bank stock were to be taxed thereon at its true value and that in ascertaining the true value of such shares for the purpose of taxation, our then existing laws (the Tax act of 1869, *Pamph. L., p.* 1149, and the Bank act of 1899, *Pamph. L., p.* 431) did not require that non-taxable property of banks should be deducted from their assets. *Mechanics National Bank* v. *Baker,* 36 *Vroom* 113; *affirmed, Id.* 549.

But the prosecutor in this case contends that the reduction claimed is allowed by an act of the legislature, entitled "A supplement to an act entitled 'An act for the assessment and collection of taxes,' approved April eighth, one thousand nine hundred and three," approved May 11th, 1905 (*Pamph. L., p.* 457), which provides as follows:

"1. In assessing the shares of stock of banks or banking associations organized under the laws of this state or of the United States, the assessor shall allow all the deductions and exemptions granted by law from the value of other taxable property owned by individuals in this state, and the assessment and taxation of such shares of stock shall not be at a greater rate than is made or assessed upon other moneyed capital in the hands of individuals in this state. In making such assessment, the assessed valuation of the real property of such bank or banking association shall be deducted from the

total valuation of the shares of stock assessed against the stockholders."

Upon an examination we find that the act above recited is in effect the same as the New York act of July 1st, 1882, the chief difference being in the use of the word "exemptions" in our act instead of the word "exceptions," used in the New York statute.

The New York act was construed by the United States Supreme Court in *Mercantile Bank* v. *New York*, 121 *U. S.* 138. In that case the court held that, under the New York statute, the owners of national bank stock were not entitled to claim any deduction from the assessed value of their shares on account of United States securities owned by the bank. The conclusion there announced and the reasoning by which it is supported we regard as decisive of the present case.

It will be observed that the language of our act is not apt language, if the intent was to allow the valuation of the bank stock to be reduced by deducting from the assets of the bank such securities as were exempt from taxation. The word "deductions" is not an apt word for such purpose.

It is true the word "exemptions" is not an appropriate word in the view we take of the act, but in matters of taxation we must incline in favor of sustaining the tax, and he who sets up an exemption must be required to establish it. *Cooper Hospital* v. *Camden,* 41 *Vroom* 478.

It will also be observed that the act of 1905 provides that "in making such assessment, the assessed valuation of the real property of such bank or banking association shall be deducted from the total valuation of the shares of stock assessed against the stockholders." If the legislature had intended that there should also be "deducted from the total valuation of the shares of stock assessed against the stockholders" the non-taxable securities held by the bank, it would, we presume, have said so in appropriate language. The fact that the act authorizes the deduction of real estate in making the assessment is an indication that nothing but real estate is to be deducted, upon the principle that the expression of one thing excludes the other.

The constitution of our state requires that property shall be

assessed at its true value, and shares of bank stock would not be assessed at their true value if the contention of the prosecutor prevails. In order, therefore, to sustain the legislation in question as constitutional, we are obliged to construe it as not allowing the deduction of the securities in which the assets of the bank were invested.

It is contended by the prosecutor, in view of the language of the act of 1905, that "the assessment and taxation of such shares of stock shall not be at a greater rate than is made or assessed upon other moneyed capital in the hands of individuals in this state," that the assessment under review is illegal because it is alleged the Tax act of 1903 provides for a less rate of assessment for trust companies than is imposed on shares of national banks.

The Supreme Court of the United States, in construing section 5219 of the Revised Statutes of the United States, which contains a provision similar to that in our act, held that the "other moneyed capital" intended by this legislation is such capital as, in its use, comes into competition with the business of the national banks. *Aberdeen Bank* v. *Chehalis,* 166 *U. S.* 440; *Mercantile Bank* v. *New York,* 121 *Id.* 138.

We know of no reason why the language of our act should not receive the same construction as was given the same words in the act of congress, for it is evident that the words were inserted in our statute in order that it might be in harmony with the federal statute.

The Tax act of 1903 (*Pamph. L., p.* 394) provides for the taxation of every trust company "upon the full amount of its capital stock paid in and accumulated surplus." The act concerning trust companies (*Pamph. L.* 1899, *p.* 450), which was under consideration in *Mechanics National Bank* v. *Baker,* 36 *Vroom* 549, and in *Fidelity Trust Co.* v. *Vogt,* 37 *Id.* 86, provides for the taxation of every trust company "upon the amount of its capital stock issued and outstanding," and it was held both by this court and by the Court of Errors and Appeals, that this meant that the assessment should be upon the full amount of the capital stock issued and outstanding and that it should be assessed at its true value. In that view,

as was said by Chancellor Magie, in *Mechanics National Bank v. Baker,* 36 *Id.* 549, 553, the assessment and imposition upon them is exactly equivalent to that upon shares of national bank stock.

We do not think that the change in the act of 1903 suffices to overcome this construction.

If, however, the act of 1903 was intended to change the law as declared in *Mechanics National Bank v. Baker* and *Fidelity Trust Co. v. Vogt, supra,* the act was unavailing for that purpose, for the reason that it would, as was said by the Court of Errors and Appeals in *Mechanics National Bank v. Baker, supra,* be rendered invalid by the constitutional provision requiring assessment at true value.

It does not appear in the present case that trust companies of this state have any assets invested in United States bonds, to which the rule adopted in *Van Allen v. Assessors,* 3 *Wall.* 573, would be applicable, nor does it appear that the capital invested in trust companies is in fact assessed at a lower rate than is assessed upon the shares of national banks. *Mercantile Bank v. New York, supra; Covington v. First National Bank,* 198 *U. S.* 100.

We think, therefore, that the contention of the prosecutor cannot prevail.

Our conclusion necessarily is that the only effect of our act of 1905 is to allow an individual taxpayer to claim the same deductions and exemptions as against the assessment of his shares of national bank stock as he might against the assessment of his other personal property.

The result is that the assessment under review should be affirmed, with costs.