HEULINGS LIPPINCOTT, PLAINTIFF IN ERROR, v. ISAAC LIPPINCOTT, COLLECTOR, DEFENDANT IN ERROR, &c.

Argued January 7, 1908—Decided April 23, 1908.

The supplement to the General Tax act passed in 1905 (*Pamph. L., p.* 457) provides that in assessing the shares of stock of banks or banking associations organized under the laws of the state, or of the United States, the assessors shall allow all the deductions and exemptions granted by law from the value of other taxable property owned by individuals in this state; that the assessment and taxation of such shares of stock shall not be at a greater rate than is made or assessed upon other moneyed capital in the hands of individuals in the state, and that in making such assessment the assessed valuation of the real property of such bank or banking association shall be deducted from the total valuation of the shares of stock assessed against the stockholders. *Held,* that in making an assessment against the stock of a state or national bank in the hands of stockholders the assessor is required by this enactment to deduct from the total valuation of all the shares, not only the assessed valuation of the real property of such bank, but also the total value of all the non-taxable securities held by the bank.

On error to Supreme Court, whose opinion is reported in 45 *Vroom* 439.

For the plaintiff in error, *Thomas E. French* and *Charles L. Corbin.*

For the defendant in error, *Joseph Kaighn, Daniel V. Summerill, Louis H. Miller, Howard B. Keasbey* and *Thomas G. Hilliard.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The plaintiff in error, who was the prosecutor below, complains of the amount of the assessment against him on two hundred and sixteen shares of stock of the National State Bank of Camden. The assessment is $67.50 per share. Certain investments of the bank, including government bonds and several mortgages, would be

exempt from taxation in the hands of individual taxpayers. If these exempted securities are deducted from the capital and surplus of the bank the value of a share would only be $45.08 for purpose of taxation. The assessor refused to make any deduction from the capital and surplus for the purpose of valuing the shares, and the question for determination is whether the prosecutor was entitled to have such deductions made.

The determination of the question depends upon the true construction of the supplement to the General Tax act passed in 1905. That supplement provides that "in assessing the shares of stock of bank or banking associations organized under the laws of this state or of the United States, the assessors shall allow all the deductions and exemptions granted by law from the value of other taxable property owned by individuals in this state, and the assessment and taxation of such shares of stock shall not be at a greater rate than is made or assessed upon other moneyed capital in the hands of individuals in this state. In making such assessment the assessed valuation of the real property of such bank or banking association shall be deducted from the total valuation of the shares of stock assessed against the stockholders." *Pamph. L., p.* 457. This statutory provision is open to two constructions: One, that the assessor, in assessing the shares of stock of banks, shall deduct from the total value thereof the value of property held by the bank which is exempt from taxation in the hands of an individual owner in this state and tax the holder of the shares at the value thereof after these deductions are made; or, two, that he shall tax the holder of the shares at the full value thereof without making any such deduction and allow the owner the same deductions against them as he is entitled to against the assessment of any other personal property. The Supreme Court held the latter to be the true construction of this statutory provision and affirmed the tax against the prosecutor.

To determine the true construction of the provision, or, to state it in another way—to ascertain the intention of the legislature that framed it—we must consider the situation

that existed with relation to the taxation of bank stock at
the time of its enactment. In 1899 the legislature passed an
act concerning banks and banking associations, by the thirty-
fourth section of which it was provided that "every person
shall be assessed in the township or ward where he resides
for all shares of the stock of any national bank in this state,
or of any bank organized under the laws of this state, owned
by him or in his possession or control as trustee, guardian,
executor or administrator; and in case said owner, trustee,
&c., shall be a non-resident of this state, then and in that
case such bank shall be assessed in the township or ward
where such bank has its principal place of business to the
amount of such shares so owned or held by non-residents as
aforesaid, in the manner now prescribed by statute in the
case of other corporations, and except as aforesaid the prop-
erty, real and personal, of such banks, shall not be subject
to assessment or tax." *Pamph. L., p.* 448. In the following
year a tax assessed under this act came before the Supreme
Court for review in the case of *Mechanics National Bank* v.
*Baker, Receiver,* 36 *Vroom* 113, and it was there contended
that the tax was invalid, for the reason, among others, that
in ascertaining the true value of the shares the tax officers
made no deduction for the non-taxable property of the bank,
the claim being, as in the present case, that such deduction
should be made. The court held that in taxing such shares
the state was under no obligation to require to be deducted
from their value the non-taxable securities held by the bank
which went to make up the value of the shares, and that there
was nothing in the statute to indicate an intention on the
part of the legislature to require the assessor to make such
deduction.

It was further contended in that case that the tax imposed
was in violation of section 5219 of the federal statutes, which
declares that the taxes to be levied on national bank stock
under state laws shall not be assessed at a greater rate than
upon other moneyed capital in the hands of individuals of
such state. The ground of this contention was that the stock
in controversy was assessed at a greater rate than the stock of

trust companies of this state. The Trust Companies' act (*Pamph. L.* 1899, *p.* 450, § 29) provided that every trust company should be taxed in the taxing district where its office was situated upon the amount of its capital stock issued and outstanding, except that any real estate belonging to any such corporation should be taxed in the taxing district where such real estate was situated, and the amount thereof should be deducted from the amount of any assessment made upon capital stock. Upon this point the court held that the Trust Companies' act required taxation upon the par value of its capital stock, and that, where it appeared that such stock was worth more than par, the federal statute compelled the assessment of stock of national banks in the same taxing district to be reduced to the same percentage of value—for example, if the stock of a trust company was worth fifty per cent. more than par, then the stock of national banks in the same taxing district could be taxed only at two-thirds of its value. The case subsequently came to this court, and we concurred in the views expressed in the opinion of the Supreme Court except upon the last point mentioned. Upon this point we held that trust companies were taxable upon the market value, not the par value, of their stock, and that therefore the assessment and imposition upon them was the exact equivalent of that upon national bank stock, and, so, that there was no discrimination against the latter made by our tax laws. *Mechanics National Bank* v. *Baker, Receiver,* 36 *Vroom* 549.

In the year 1900 the scheme of taxation of bank stock created by the act of 1899 was altered by providing that thereafter all real estate of any bank should be assessed to the bank in the city, township or ward in which said real estate was located, and the amount of the assessment deducted from the assets of the bank in estimating the assessable value of the shares of stock of said bank. *Pamph. L., p.* 295. With this exception the act of 1899 remained unchanged until the year 1905, and taxes were assessed against the stock of banking corporations under the rule laid down in the Mechanics Bank case, with the modification provided by the act of 1900. Having in mind this situation of the law respecting the taxation

of bank stock, what object had the legislature in passing the supplement of 1905? That they purposed to make some change in the existing law must be conceded, for it cannot be presumed that they went through the form of passing a statute that they intended should have no force or effect whatever. That portion of the act which required the deduction of the value of the real property of the bank from the total valuation of the shares of stock assessed against the stockholders manifestly made no change in the law, for as has been already pointed out that change was made by the act of 1900. The provision that the assessment and taxation of shares of bank stock should not be at a greater rate than is made or assessed upon other moneyed capital in the hands of individuals in this state, although not previously found in our statutes, was, nevertheless, a part of the existing law, for it was embodied in section 5219 of the federal statutes and was binding upon the state, as was indicated in the Mechanics Bank case. The change in the law, therefore, must be found in the provision which requires that, "in assessing the shares of stock of bank or banking associations organized under the laws of this state or of the United States, the assessors shall allow all the deductions and exemptions granted by law from the value of other taxable property owned by individuals in this state." At the time of the enactment of the statute, and for nearly half a century previously, the General Tax law of the state permitted the individual taxpayer to have deducted from the total value of his taxable personal property all debts *bona fide* due and owing from him to creditors residing in this state. It also entitled him to have exempted from taxation all "non-taxable" securities held by him. To adopt the construction put by the Supreme Court upon the last-cited provision of the act of 1905, is, therefore, to declare that the legislature, in enacting it, intended to accomplish nothing. This, as we have already stated, is, in our judgment, enough to condemn such a construction.

But, aside from this, the wording of the statute itself militates against the meaning put upon it by the Supreme Court. Its mandate is that the assessor shall allow all de-

ductions and exemptions granted by law to individual tax-payers. The deduction which the law allows · to the individual is the subtraction of his debts from the *total* valuation of his taxable personal property, not from any particular portion thereof; the exemption granted him by law is the right to have excluded from the assessment of his personal property every non-taxable security which he holds. The phraseology of the statute is not apt to express an intent to provide a different method of making the deduction of the taxpayer's debts when he happens to be the holder of bank stock from that which prevails when he is not such holder, although it is, of course, susceptible of being so read. But the requirement that the assessor shall allow *exemptions* cannot be given effect against stock in the hands of the taxpayer except by exempting the stock itself from taxation, for the only exemption allowed to the individual taxpayer is exemption from taxation on securities which the law has relieved from such burden. Clearly, the wording of the statute negatives any such intention.

We conclude that, by the true construction of the act of 1905, in making an assessment of the shares of stock, either of a state or national bank, against the stockholders, the assessor is required to deduct from the total valuation of all the shares, not only the assessed valuation of the real property of such bank, but also the total value of all the non-taxable securities held by the bank.

The judgment of the Supreme Court will be reversed.

*For affirmance*—GREEN, J.   1.

*For reversal*—THE CHANCELLOR, THE CHIEF JUSTICE, GARRISON, PARKER, BERGEN, BOGERT, VREDENBURGH, VROOM, GRAY, DILL, J.J.   10.