CITY OF CAMDEN v. CAMDEN SAFE DEPOSIT AND TRUST COMPANY ET AL.

Submitted December 6, 1912—Decided February 24, 1913.

In the taxation of a trust company it is proper to compute the whole value of the capital stock at the proper price per share, and to deduct from the total valuation the value of real estate, exempted securities and non-taxable mortgages, even in a case where the total of capital, surplus and undivided profits is less than the value of real estate, exempted securities and non-taxable mortgages.

On *certiorari.*

Before Justices SWAYZE, VOORHEES and KALISCH.

For the prosecutor, *Edwin G. C. Bleakly.*

For the defendant, *George J. Bergen* and *Gilbert Collins.*

The opinion of the court was delivered by

SWAYZE, J.    The question to be decided is the correct method of valuation of stock of the Camden Safe Deposit and Trust Company.    The total valuation of its capital stock at $391 a share is $1,564,000.    The value of real estate, exempted securities and non-taxable mortgages is $1,539,997.85. The balance of $24,002.15 would be the value of the capital stock for purposes of taxation; but at the hearing before the State Board of Equalization the trust company "voluntarily remitted from its claim for exemption such sum as would make its assessment $114,225," and thereupon the board reduced the assessment to that amount.    This judgment seems to have been in entire accord with the rule laid down by the Court of Errors and Appeals in *Lippincott* v. *Lippincott,* 46 *Vroom* 795.    Its justice is now attacked by the city upon the ground that the total of capital, surplus and undivided profits is only $1,172,470.95, and it necessarily follows that a large part of the assets deducted must be investments of deposits or of trust funds.    The claim is that it is unjust to allow a deduction from capital stock and surplus of securities exempt from taxation which do not represent an investment of the capital, surplus and undivided profits.    It would perhaps be enough to say that it is not for us to question the justice of a rule of taxation prescribed by the legislature as its act is construed by the court of last resort.    The argument, however, involves a fallacy.    The valuation is not the same as the amount of the capital, surplus and undivided profits, but exceeds that amount by the difference between $1,564,000, the value of the capital stock at the market value, and $1,172,470.95, the book value of the capital stock, surplus and

undivided profits. Taxation of bank stock at market value has been sustained (*Newark* v. *Tunis,* 52 *Vroom* 45; *affirmed,* 53 *Vroom* 461), although it includes elements of value, such as good will and business repute, which do not figure in the statement of assets. The legislature may well have thought that justice required that in return for this additional burden to which individual taxpayers are not subject, the banks and trust companies be allowed to deduct exempt securities held by them as investments of their deposits and trust funds, since the intangible elements of value in the stock—good will and business repute—must be in whole or in part the result of the profit to be derived from the handling of the deposits and trust funds.

It is inaccurate to assume that this results in a double exemption. If the banks following the literal language of the act of 1905 (*Comp. Stat., p.* 5098, *pl.* 17*a*), should seek to deduct their deposits and trust funds as debts (as in fact they are) because such deductions are allowed "from the value of other taxable property owned by individuals," and should at the same time claim that the securities in which those deposits and trust funds are invested, are exempt from taxation, an interesting question would indeed be presented. That, however, is not the present case. No claim for deduction is made by reason of the $6,700,000 due depositors. That amount, in theory of law, is taxed to the depositors themselves, regardless of whether the bank has invested it in United States, state and municipal bonds or in taxable securities. If, as the prosecutor argues, the exempt securities are to be treated as specific investments set apart for these specific obligations of the bank, it would in justice follow that the depositors should not be taxed on their deposits, because to tax them would violate the legal provisions exempting the securities in which they are invested. The prosecutor's argument does not accord with the facts. All the assets of the bank are commingled. None are set apart for a specific purpose as an investment of capital, or of surplus, or of deposits. If the bank were taxed strictly as an individual, all its taxable assets would be put on one side; all its debts except those to

stockholders would be set on the other, and the balance would represent the book value of the stockholders' interest; this balance would be taxed to stockholders; the debts would be taxed as obligations of solvent debtors to the persons to whom they were owing; and in this way all the assets of the bank would be in effect taxed. The difficulty arises from the attempt of the legislature to tax banks and trust companies under sections 17 and 18 upon the market value of their stock, including the intangible elements, and then to allow deductions as in the case of individuals under the act of 1905.

We think the case was properly dealt with by the board of equalization.

No question was made in the argument before us by reason of the fact that the amended statement of the trust company was not made until October 31st. We agree that section 13 of the Tax act (*Comp. Stat., p.* 5094) is not applicable. The statement is the one required by section 17 (*Comp. Stat., p.* 5097) to be given on the application of the assessor. There is nothing to show that it was not promptly given.

The tax as fixed by the board of equalization is therefore affirmed, with costs.