STATE BOARD OF TAX APPEALS.

THE TRADESMENS BANK AND TRUST COMPANY, PETITIONER, v. CUMBERLAND COUNTY BOARD OF TAXATION AND BOROUGH OF VINELAND, RESPONDENTS.

Decided March 17, 1942.

For the petitioner, *Charles F. Richman.*

For the County of Cumberland, *Roscoe Ward.*

For the Borough of Vineland, *Philip L. Lipman.*

Of counsel with respondents, *Lawrence N. Park.*

QUINN, President.   As of the assessing dates for the years 1938 and 1939, petitioner was engaged in the business of a banking corporation under the laws of this state, having its principal place of business in the Borough of Vineland, Cumberland County.   Its shares of capital stock were thus assessable at their true value, against the shareholders, at the uniform rate of three-quarters of one per cent. upon such value, under *R. S.* 54:9-1 *et seq.; N. J. S. A.* 54:9-1 *et seq.* Section 54:9-4 provided, so far as is here material, that the value of each share of common bank stock of each bank shall be determined by adding the amount of its capital, surplus and undivided profits, and deducting therefrom the assessed value of its real property   *   *   *   and by dividing the result by the number of its shares of common stock outstanding. It is further specifically provided therein that "no deduction or exemption shall be allowed or made from the value determined as provided in this section."

The petition of appeal for the year 1938, filed herein, recites that petitioner filed a report with the Cumberland County Board of Taxation for the purpose of determining the 1938 assessment against its shares of capital stock, as required by the statute, in which it was stated that its capital, surplus and undivided profits for said year were in the sum of

$504,041.33, being the excess of its assets over and above its liabilities; that the assessment for the year 1938 had been made upon the basis of said report, at which the petitioner is aggrieved, because there were included in the assets bonds of the United States of America, the Home Owners Loan Corporation, the Federal Farm Mortgage Corporation, and the Federal Land Bank, aggregating $353,850.01, which said bonds are recited to be exempt from taxation by any state or local political subdivision, and to have been specifically exempted from taxation in New Jersey by *R. S.* 54:9-2 and 54:4-3; *N. J. S. A.* 54:9-2 and 54:4-3. Petitioner therefore prays that the assessment upon its shares for the year 1938 be reduced by a sum equal to the true value of the bonds thus referred to, "to avoid the levying of an illegal assessment contrary to the purpose of the tax laws of this state and the Constitution and Laws of the United States of America."

A petition of appeal praying for relief of the same general nature was also filed by the bank with respect to the assessment made upon the stock for the year 1939.

The position contended for by petitioner is that the bank stock tax is a substitute for a personal property tax upon the assets of the corporation, and that an inclusion in the computation of such assets, for tax assessment purposes, of the obligations of the United States of America or its instrumentalities, concededly exempt from direct taxation by or under the authority of a state, would result in an indirect accomplishment of what is beyond the constitutional power of the state to do directly. Reliance is had upon *Newark City Bank* v. *Assessor (Supreme Court,* 1862), 30 *N. J. L.* 13, and *State, Fox and Edge, Pros.,* v. *Haight (Supreme Court,* 1866), 31 *N. J. L.* 399, in support of the contention thus urged. It is sufficient to say of these references that the theoretical basis of the decisions cited has since given way to the conclusive effect of a contrary result arrived at by the highest state and federal authorities dealing with this type of situation. The problem before us is two-fold. Was it the intention of the state legislature to allow a deduction on account of exempt securities, in the computation of the taxable value of bank

shares? If it was, is that result repugnant to the Federal Constitution?

1. The history of bank stock legislation in New Jersey conclusively demonstrates that this species of property is to be valued for taxation without any deduction for exempt securities. Under the early General Tax Acts providing for the assessment of property for taxation at true value (see *Pamph. L.* 1866, *p.* 1078), shares of stock of national and state banks were assessable under legislative language not containing any specific directions with reference to the deductibility of exempt securities from the total assets of the bank, for purposes of assessment of the shares. The basis for the legislation consisted of the permission granted by Congress for the taxation of shares of national banks, limiting the taxation of the property of such institutions to their real estate, and providing that the shares should not be assessed at a greater rate than other moneyed capital in the hands of individuals. In *Mechanics National Bank* v. *Baker* (*Supreme Court,* 1900), 65 *N. J. L.* 113; 46 *Atl. Rep.* 586; *affirmed* (*Court of Errors and Appeals,* 1901), 65 *N. J. L.* 549; 48 *Atl. Rep.* 582, it was held that the act of 1866 and later legislation providing for the taxation of bank shares, did not constitute a tax upon the property of the banking corporation, but upon the distinctly different property of the shareholders. *Pamph. L.* 1869, *p.* 1149; *Pamph. L.* 1899, *p.* 431. The court adverted to the decision of the United States Supreme Court in *VanAllen* v. *Assessors,* 3 *Wall.* 573, holding that the permissive act of Congress did not require United States securities held by a national bank to be deducted from its assets, in determining the value of its shares for taxation, although such securities were not directly taxable by the states as property, and it then concluded that (page 121):

"* * * It is reasonable to presume that the legislature, in providing for the taxation of national bank shares, intended to exert the full power permitted by Congress, and therefore did not intend such a deduction to be made."

Under *Pamph. L.* 1905, *p.* 457, however, the legislature reverted to the policy of allowing deductions, specifically providing that:

"In assessing the shares of stock of banks or banking associations organized under the laws of this state or of the United States, the assessor shall allow all the deductions and exemptions granted by law from the value of other taxable property owned by individuals in this state * * *. In making such assessment, the assessed valuation of the real property of such bank or banking association shall be deducted from the total valuation of the shares of stock assessed against the stockholders."

The courts carried out the legislative mandate. *Lippincott* v. *Lippincott (Court of Errors and Appeals,* 1908), 75 *N. J. L.* 795; 69 *Atl. Rep.* 502. These provisions were literally enforced to the extent of allowing deductions of exempt securities even where the result was an elimination of any taxable balance against the shareholders. See *Camden* v. *Camden Safe Deposit Co. (Supreme Court,* 1913), 84 *N. J. L.* 37; 85 *Atl. Rep.* 1026.

In 1914 the legislature completely revised the bank stock tax provisions, fixing the uniform rate of three-quarters of one per cent. in the place of the former variant rates in the taxing districts where the taxpayers resided or the bank was situated, and specifically providing that no deduction or exemption should be allowed or made from the value determined as prescribed by the act, such provisions being substantially the same as were written into the Revised Statutes of 1937. *Pamph. L.* 1914, *ch.* 90. This act was sustained as constitutional in *Commercial Trust Co.* v. *Hudson County Board of Taxation (Supreme Court,* 1914), 86 *N. J. L.* 424; 92 *Atl. Rep.* 263; affirmed *(Court of Errors and Appeals,* 1914), 87 *N. J. L.* 179; 92 *Atl. Rep.* 799. In the present connection, it is interesting to note that it was contended by the opponents of the act in that case that the act discriminated against the holders of shares in national banks in forbidding the deduction of exempt securities, as private bankers were allowed such exemptions under the General Tax Act. The court observed that the contention was not sound, since it was not clear that the value of the exempt securities entered into the determination of the true value of the shares of the bank. See the case (at *p.* 435). Whether or not the premise

is regarded as sound, it is at least clear that the court did not entertain any doubt that it was the legislative intention that no such deductions should be permitted. It thus appears beyond question that our statutes contemplate the inclusion of all securities, exempt or otherwise, in the valuation of the assets of the bank for the purpose of assessment of the shares. We must, of course, effectuate that intention, if it is permissible under the cases construing the Federal Constitution.

2. It is now thoroughly settled that, while the states may not levy a tax in any form upon United States securities, they may tax the shares of stock of banks and of other corporations whose assets consist, in part or in whole, of such securities, and that, in valuing the shares for the purpose of taxation, it is not necessary to deduct the value of the exempt securities held by the bank whose shares are taxed. *VanAllen* v. *Assessors, supra; Home Savings Bank* v. *City of Des Moines,* 205 *U. S.* 503; *Des Moines National Bank* v. *Fairweather,* 263 *Id.* 103; *Schuylkill Trust Co.* v. *Pennsylvania,* 296 *Id.* 113, discussed in 84 *U. of Pa. Law R.* (1938), 758; *Tradesmen's National Bank of Oklahoma* v. *Oklahoma Tax Commission,* 309 *U. S.* 560, 564.

For the reasons stated, the position of the petitioner is without substance and the assessments appealed from will be affirmed.

Similar appeals filed by Marine National Bank of Wildwood, Farmer's and Mechanics National Bank, The First National Bank and Trust Company, of Woodbury, New Jersey, Woodbury Trust Company, The Penn's Grove National Bank and Trust Company, The City National Bank and Trust Company of Salem, and The First National Bank and Trust Company of Beverly, will be dismissed, being based upon essentially the same grounds. No distinction is to be made as to those deductions claimed with respect to securities of local political subdivisions, exempt from direct taxation. The clear purpose of the bank stock statute is to disallow any exemptions whatsoever.

Judgments in all cases accordingly.