THE NEWTON TRUST COMPANY, PROSECUTOR, v. MILES
ATWOOD, COLLECTOR OF THE TOWN OF NEWTON,
SUSSEX COUNTY, NEW JERSEY.

Submitted July 2, 1908—Decided November 9, 1908.

1. The values of property and securities contained in the sworn
statement made by the president of a trust company showing its
capital stock and accumulated surplus, and the values of the
securities exempt from taxation, submitted to a tax assessor, are
not binding upon the assessor in making an assessment for taxes
against such company.
2. In the absence of evidence to the contrary the presumption is
that the county board of taxation in revising and correcting the
tax lists and duplicates, and in increasing or decreasing the as-
sessed value of any property pursuant to section 4 of a supple-
ment to "An act for the assessment of taxes" (*Pamph. L.* 1906,
*p.* 210), acted properly and upon due proof. The burden of
proving facts to decrease such assessment rests upon the tax-
payer.

On *certiorari.*

Before Justices REED, BERGEN and VOORHEES.

For the prosecutor, *Charles M. Woodruff.*

For the defendant, *Joseph Coult, Jr.*

The opinion of the court was delivered by

VOORHEES, J. The contest in this cases arises over the as-
sessment for taxes for the year 1907 against the prosecutor.

Taxation of trust companies is regulated by the General
Tax act. *Pamph. L.* 1903, *p.* 394, § 18. They are assessed
upon the full amount of capital and accumulated surplus.
This act repeals so much of the "Act concerning trust com-
panies" (*Pamph. L.* 1899, *p.* 450, § 29) as relates to the taxa-
tion of these corporations.

The method of ascertaining for the purposes of taxation
the full amount of capital and accumulated surplus has been

pointed out in *Fidelity Trust Co.* v. *Board of Equalization of Taxes, ante p.* 128. The plan seems to have been followed substantially in the case under consideration.

It appears that the assessor adopted as the basis of his assessment a statement made by and under the oath of the president of the prosecutor, showing that the company had capital stock, $100,000; surplus, $40,000, and undivided profits, $18,000; total, $158,000. It also showed in detail securities held by it exempt from taxation valued at $93,554.10, which were deducted, leaving a balance of $64,445.90.

Among the assets so returned was real estate which cost $22,000. This was deducted from the above and the assessor fixed its taxable value at $15,000, which reduced the above balance to $57,445.90.

The assessor then made the assessment at $42,500 upon the personal property and $15,000 upon real estate; total, $57,500. The county board of taxation, pursuant to the power conferred upon it "to increase or decrease the assessed value of any property not truly valued" (*Pamph. L.* 1906, *p.* 210, § 4), revised the duplicate and added to the assessment of the personal property the sum of $15,000, raising it to $72,500.

The contest is over this increase. The stipulation filed in the case admits "that the action of the board was legal in making such increase, and that such increase was as to the personal estate alone."

It is argued that this amount was arbitrarily added and was without warrant of law, because the prosecutor had submitted to the assessor the sworn statement above mentioned, which it insists must bind the assessor and control the values.

To adopt this argument would allow the taxpayer to usurp the functions of the assessor and the county board. The law casts upon the assessor and the boards of taxation the duty to make and fix the valuations. The prosecutor further insists that the county board reduced the values of the exempt securities by the above amount and by that process increased the assessment. The proceedings of the county board are not before us, and the testimony taken under this writ fails to dis-

close any proof or facts submitted to it. It may be remarked that if the exempt securities had been thus reduced it would be clearly illegal unless a like reduction in value of these same securities had been made, where they form part of the total assets, in which event the taxable balance would remain unchanged. In the absence of evidence to the contrary, the presumption is that the county board of taxation in revising and correcting the tax lists and duplicates, and in increasing or decreasing the assessed value of any property pursuant to section 4 of the supplement to "An act for the assessment and collection of taxes" (*Pamph. L.* 1906, *p.* 210), acted properly and upon due proof. The burden of proving facts to decrease such assessment rests upon the taxpayer.

The assessment will be affirmed, with costs.