THE MAYOR AND COMMON COUNCIL OF THE CITY OF NEWARK, PROSECUTORS AND DEFENDANTS IN ERROR, v. CARRIE E. TUNIS, EXECUTRIX, &c., AND THE BOARD OF EQUALIZATION OF TAXES OF NEW JERSEY, DEFENDANTS AND PLAINTIFFS IN ERROR.

Submitted July 10, 1911—Decided November 20, 1911.

The rule adopted by the Supreme Court in this case, that the true value of national bank shares for taxation is, under ordinary and normal conditions, their exchangeable value in the market, is a working rule and not an invariable test of true value under any and all circumstances.

On error to the Supreme Court, whose opinion is reported in 52 *Vroom* 45.

For the plaintiff in error, *John R. Hardin.*

For the defendant in error, *Herbert Boggs.*

The opinion of the court was delivered by

PARKER, J. But for what appears, on a perusal of the briefs filed for plaintiff in error, to be a misapprehension on the part of counsel of the purport and effect of the very careful and comprehensive opinion delivered in the Supreme Court, we should be content to rest our affirmance of the judgment below on that opinion without further comment. This apparent

misapprehension relates to the language of the Supreme Court as to what constitutes true value of national bank shares; and the opinion is challenged as though it had been held that such true value is market value for the time being without regard to other considerations. Quoting from the brief: "The Supreme Court held that the measure of true value of bank shares was their exchangeable value in the market, *i. e.*, market value."

As we read the opinion the Supreme Court was very far from deciding that the market value, or selling price of such shares in the market for the time being, was the absolute measure under any and all circumstances of their true value. The question presented for decision was whether the valuation fixed by the state board was correct. That valuation was based purely upon what in the discussion is called book value, *i. e.*, value based on tangible assets and liabilities. The Supreme Court held that this was erroneous as disregarding the elements of good will, dividend earning power, ability in management, public confidence, and other intangible features that ordinarily tend to give the stock a selling value in excess of pure book value; and as it was conceded that the valuation fixed by the county board properly reflected all these elements, the judgment of the state board was set aside and the valuation made by the county board adopted. There was nothing in the judgment, therefore, to indicate that the rule of market value for the time being was a rigid test of true value; and the opinion itself is careful to guard against any such inference. It is pointed out that true value is not always to be ascertained by reference to selling price; that special circumstances may increase or depress market value without affecting true value, or *vice versa;* and that the Tax act still empowers the assessor and makes it his duty to use his power to ascertain by independent investigation other facts bearing on true value, and to make use of all these facts in determining what that true value is; but that as a general working rule, under ordinary and normal conditions, true value is expressed by the exchange value in the market. That such exchange value may be

sometimes considered higher than true value is illustrated by the case of *Stratton* v. *Collins,* 14 *Vroom* 562, 566, in which the stock was selling at considerably above the valuation fixed by the assessor, although the book value was somewhat lower.

It thus appears that in neither the judgment nor the opinion is market value made a rigid test of true value, but it is nothing more than a convenient index and evidence of true value "under ordinary and normal conditions." With this view we are fully in accord, as well as with the reasoning and conclusions of the opinion on the other branches of the case; and for the reasons given in that opinion the judgment will be affirmed.

· *For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TREN-CHARD, PARKER, BERGEN, BOGERT, VREDENBURGH, CONGDON, WHITE, JJ. 9.

*For reversal*—None.