WILLIAM E. KING, RESPONDENT, v. FREDERICK S. SMITH, APPELLANT.

Submitted December 10, 1917—Decided March 4, 1918.

The effect of the Revision of 1912, entitled "An act to provide for the permanent improvement and maintenance of public roads in this state" (*Pamph. L.* 1912, *p.* 809), wherein it is provided that "after the first county road shall have been constructed *under this act* in any county, it shall be the duty of the board of chosen freeholders to appoint a qualified civil engineer, etc.," is to relate in point of time to the date of the enactment of the antecedent legislation then under revision, known as the Revision of 1905, and accordingly the words "under this act" contained in both revisions are held to relate to the date of the passage and approval of the prior act.

---

On appeal from the Supreme Court. On a judgment of ouster upon information in the nature of *quo warranto*.

For the respondent, *King & Vogt.*

For the appellant, *Charles A. Rathbun.*

The opinion of the court was delivered by

MINTURN, J. While the relator was filling the office of county engineer for a term of five years, under an appointment by the board of chosen freeholders, made on January 1st, 1913, the respondent, on January 1st, 1916, was appointed by the board in his place. The relator by information in the nature of *quo warranto* attacks this appointment as contrary to law. The Circuit Court determined that the appointment was illegally made and awarded judgment of ouster against the respondent.

The appeal presents the question whether the Circuit Court was correct in its construction of the legislation invoked. We think it was. The act of 1903, which provided "for the permanent improvement of public roads in this state" (*Pamph. L.* 1903, *p.* 145), in its twelfth section provides that "after the first road shall have been constructed under this act," it shall be the duty of the freeholders to appoint a county supervisor for the term of three years.

In 1905 the legislature revised the existing legislation. *Pamph. L., p.* 94.

The twelfth section of the 1903 act was made the eleventh section of the revised act, with the addition of the word "county" before "road" in the language quoted. In 1909 an act was passed (*Pamph. L., p.* 316) amending the 1905 act, providing in its eleventh section that "after the first county road shall have been constructed under this act," a competent person should be appointed by the board as a county engineer for a term of three years.

In 1912 another revision of this legislation took place (*Pamph. L., p.* 809), whereby section 11 of the previous act was made the twelfth section of the revised act. The only other change of substance made in the section was the substi-

tution of a term of five years for the appointee as county engineer.

The first county road referred to in this legislation was duly constructed in the year 1910, and the only barrier to the appointment of a county engineer thereafter was thus removed.

The 'appointment of the relator on January 1st, 1913, therefore harmonized with the spirit and letter of this legislation. The inquiry thus presented is whether a construction should be given to this legislation which would impart to the twelfth section of the Revision of 1912, a meaning that would give to it the status of a distinct, independent and separate act, in nowise correlated to the previous enactments, which it was designed to revise, as was the case in *Roche* v. *Jersey City*, 40 *N. J. L.* 257, and *Haynes* v. *Cape May*, 52 *Id.* 180.

If such a construction were allowable in this instance, the relator was a mere hold-over, and the board was warranted in filling the vacancy. But our view of legislation of this character is that it was not the legislative design to impress upon it the character of an original fundamental enactment; but to constitute the act a substitutionary vehicle for correcting or re-editing in various particulars, not at all destructive of the main features of existing legislation, some of its incidents, with a view to producing a cohesive, consistent and comprehensive compendium of the subject-matter, and without making any substantial change in the fundamental scheme of legislation under review.

Such has been the view declared by this court of this character of legislation. *Warren* v. *Pim*, 66 *N. J. Eq.* 353; *Leonard* v. *Leonia Heights Land Co.*, 81 *Id.* 489; *Smith* v. *Colloty*, 69 *N. J. L.* 365.

In like manner the Supreme Court of the United States has declared the rule to be that upon a revision of statutes, where the law antecedently to the revision was settled either by clear expressions in the statute, or adjudications on them, the mere change of phraseology will not be construed a change of the law, unless such phraseology evidently purports an in-

tention in the legislature to work a change. *McDonald* v. *Hovey,* 110 *U. S.* 619.

Consistently with this rule of construction the Circuit Court held that the language referred to in the Revision of 1912 must by relation be construed as referring to the time of the enactment of the Revision of 1905, and the supplementary legislation based thereon. With this construction, for the reasons given, we find ourselves in entire accord with the result that the judgment appealed from must be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 14.

*For reversal*—None.