UNIVERSAL INSURANCE COMPANY, PROSECUTOR, v. STATE BOARD OF TAX APPEALS OF THE STATE OF NEW JERSEY AND CITY OF NEWARK, RESPONDENTS.

UNIVERSAL INDEMNITY INSURANCE COMPANY, PROSECUTOR, v. STATE BOARD OF TAX APPEALS OF THE STATE OF NEW JERSEY AND CITY OF NEWARK, RESPONDENTS.

Argued May 6, 1937—Decided August 31, 1937.

Before Justices BODINE, HEHER and PERSKIE.

For the prosecutors, *Child, Riker, Marsh & Shipman.*

For the respondents, *John A. Matthews* (*Andrew B. Crummy,* on the brief).

The opinion of the court was delivered by

PERSKIE, J. This is a taxation case. The facts in the case at bar are practically identical, save as to the names of the

parties, their respective addresses here and in New York, and the figures, with those set forth in the case of *Newark Fire Insurance Co.* v. *State Board of Tax Appeals* (*Supreme Court*), 118 *N. J. L.* 525. The issues presented and decided in that case were (1) jurisdiction to tax; (2) taxation upon the item of unearned premium reserve; and (3) taxation upon cash. The issues presented for decision in the case at bar are (1) jurisdiction to tax; (2) taxation upon unearned premium reserve; (3) taxation upon reserve for outstanding losses; and (4) taxation upon the item of book value of stocks and bonds over market value.

Deciding as we do that there is no difference in principle, for the purpose of taxation, between the item of reserve for losses and the item of unearned premium reserve, which we held to be taxable, our decision in the case of *Newark Fire Insurance Co.* v. *State Board of Tax Appeals, supra,* is dispositive of all issues in the case at bar save the fourth, wherein prosecutors contend that it was error to include the item of book value of its stocks and bonds over the market value thereof as a taxable asset.

In support of its contention it is argued that the regulations of insurance companies require book value of securities to be set up. These same regulations, it is pointed out, require the amortized value of the bonds and the market value of the stock to be set up under the heading of "Non-admitted assets." The board included these last two items as an asset, whereas prosecutors contend that the true value is to be determined by deducting the market value of stocks, and the amortized value of bonds from the book value, and that this is done by first setting up the book value and then deducting the difference between the book value and the market or amortized value so that the net value is reflected in admitted assets with market value.

We perceive in this contention nothing more than another of the many varied attacks already made by the taxpayer upon the tax exacting authority in the time immemorial and continuing struggle between these two opposing forces. It presents nothing new. There is ample strength, ample prece-

dent in the law to withstand and completely repel this assault. The basic weakness of this attack is that prosecutors proceed on the theory that exchange value or market value is the invariable test of true value under all circumstances. This is not so. In the words of our Court of Errors and Appeals in *Newark* v. *Tunis,* 82 *N. J. L.* 461; 81 *Atl. Rep.* 722 (opinion by Parker, J.), *"\* \* \** true value is not always to be ascertained by reference to selling price; \* \* \* special circumstances may increase or depress market value without affecting true value or *vice versa."* And, on the other hand, as pointed out in that opinion by reference to the opinion of the Supreme Court (81 *N. J. L.* 45; 81 *Atl. Rep.* 490—opinion by Swayze, J.) there are many factors, not by way of limitation but rather by way of example, such as "good will, dividend earning power, ability in management, public confidence," &c., which are not reflected in book value. Under the tax law it is the duty of the assessor to make an independent investigation of these and all other factors in determining the true value. The case of *Newark* v. *Tunis, supra,* stands, therefore, for the principle that, under ordinary and normal conditions, exchange or market value is a workable but not an invariable test of true value. "It [market value] is nothing more than a convenient index and evidence of true value under ordinary and normal conditions." *Id.* (at *p.* 463).

Thus the same court recently (1935) gave forceful illustration to the variability of the working rule. In determining true value, at a time of a depression when market prices were of no service, it held that, while county boards were not bound by bank figures (*Newton Trust Co.* v. *Atwood,* 77 *N. J. L.* 141; 71 *Atl. Rep.* 110; they must base their determination upon all the evidence) they were not obliged to rewrite them, and that since the bank made its own statement as to the value of its assets it could not, under the circumstances of that case, be heard to complain when those figures were accepted by local and state boards. *Second National Bank* v. *State Board of Tax Appeals,* 114 *N. J. L.* 573; 178 *Atl. Rep.* 96, and cases therein cited. The stated principles

applicable to bank stock are also applicable to other stocks and bonds.

Prosecutors seek to distinguish the instant case from the Second National Bank case by pointing out, as already noted, that in the case at bar they were, pursuant to state requirements or regulations, obliged to set up market value of stock under the heading of "non-admitted assets," whereas in the Second National Bank case the book value was voluntarily set up. This is without merit. If prosecutors concluded the regulation complained of abortive, they should have sought recourse to the law; their statement had, moreover, no binding effect. *Newton Trust Co.* v. *Atwood, supra.* It was merely one of the factors which the county board was duty bound to consider with all other factors in the cause. From all that has been written it is quite obvious that there is no hard and fixed rule and force that is to be given by those charged with the duty of determining true value to each and every factor pertinent and ascertainable in a given case. That necessarily must depend upon the facts and circumstances of each particular case. Having ascertained the applicable factors determinative of true value, we next consider how these factors are to be admeasured in money. Our answer is as follows: what would the property sell for, as of the day it was assessed, at a fair and *bona fide* sale by private contract; or what in the opinion of the assessor, based on his investigation and all the proofs, could be obtained for the property in money at a fair sale, as of the day it was assessed, between a willing seller and a willing buyer, that is one not obliged to sell dealing with one not obliged to buy? *New Jersey Bell Telephone Co.* v. *City of Newark,* 118 *N. J. L.* 490.

"Taxation is an intensely practical matter * * *." *Farmers Loan and Trust Co.* v. *Minnesota,* 280 *U. S.* 204; 74 *L. Ed.* 371, 375. It is an intense reality. We are of the opinion that the rule stated in the Bell Telephone case is comprehensive, it is intensely practical and real, it embodies all of the factors necessarily determinative of true value.

We are not at all convinced that the taxing authorities

did not, in the case at bar, give due and proper regard to all the facts and circumstances necessarily applicable · in determining the true value of prosecutor's taxable property.

We desire to mark the fact that we have not overlooked the point made by respondents that the state board of tax appeals was without jurisdiction because the judgment of the Essex county board of taxation was entered by consent of the parties. *Kenilworth* v. *State Board of Equalization of Taxes,* 78 *N. J. L.* 302; 72 *Atl. Rep.* 966. We pause long enough to make the observation that the holding of the state board of tax appeals sustaining the point was reached only after it had given full consideration to all of prosecutor's points and had found them to be without merit. Because of either state and public concern, or section 11 of the *Certiorari* act (1 *Comp. Stat.* 1709-1910, *pp.* 402, 406) or both, we have reached our result on the merits.

Judgment is affirmed, with costs.