STATE BOARD OF TAX APPEALS.

DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, PETITIONER, v. CITY OF JERSEY CITY, RESPONDENT.

CITY OF JERSEY CITY, PETITIONER, v. DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, RESPONDENT.

Decided June 30, 1942.

For Delaware, Lackawanna and Western Railroad Co., *John A. Laird*.

For City of Jersey City, *Charles A. Rooney* (by *John J. Meehan*).

QUINN, President. The appeals represented by the first caption are applications for the reduction of assessments for the year 1939 on property owned by the railroad company and situated in the City of Jersey City. The appeals in each of these cases were dismissed by the Hudson County Board of Taxation.

The appeals represented by the second caption are brought by the City of Jersey City to restore assessments on the same parcels of property, which were canceled by the Hudson County Board of Taxation for the year 1940, on the ground that these parcels were exempt from local taxation for said year, for the reason that they constituted property used for railroad purposes, assessable solely by the State Tax Commissioner under the operation of *R. S.* 54:4-3.11; *N. J. S. A.* 54:4-3.11, and *R. S.* 54:19-1, *et seq.; N. J. S. A.* 54:19-1, *et seq.* The city maintains that the County Board of Taxation was without jurisdiction to determine the question of the nature of the use of this property on the ground that the Supreme Court is exclusively vested with jurisdiction to determine the nature of the use of property owned by railroad companies, in cases where such property is assessed both by the local authorities and by the State Tax Commissioner, under *R. S.* 54:26-15, *et seq.; N. J. S. A.* 54:26-15, *et seq.* These sections read as follows:

"54:26-15. If property of a railroad or canal company has or shall have been, in any year, assessed by the local authorities of a taxing district, and has or shall have been

also assessed by the state tax commissioner as property used for railroad or canal purposes, the supreme court or any three justices thereof, assigned by the chief justice, shall determine, in a summary manner, the character of the property and whether used for railroad or canal purposes and by whom it has lawfully been assessed. This determination shall be made whether the taxes in question have been paid or not and whether a *certiorari* to review either assessment has been granted or not.

"54:26-16. The determination shall be made under an order to show cause at a time and place to be therein designated. The order shall be granted by the chief justice of the supreme court upon application *ex parte* by any of the parties interested, namely, by the attorney general on behalf of the state, by the owner of the property assessed or by the authorities of the taxing district.

"The order shall be served upon the parties interested not making such application, not less than ten days before the day fixed therein for the hearing. Depositions to be used on such hearing may be taken on two days' notice by either party.

"54:26-17. The justices before whom the matter shall be heard, may, if they see fit, view the property in dispute, to guide them in their decision. The judgment of the court shall direct the cancellation or reduction of either assessment, as the character of the property may require, and shall make such order as to the return to the taxpayer of any tax or portion thereof, that may have been paid to the state, or to any taxing district not entitled thereto, as the court shall deem just. The payment of costs may be directed in such manner as the court may deem equitable. The judgment shall be conclusive and final in all collateral proceedings, but may be reviewed on appeal by the court of errors and appeals."

It clearly appears that nothing is stated in these sections to the effect that the summary method of determination provided therein shall be exclusive. It is clearly indicated that the relief provided by these sections is obtainable only on application by the Attorney-General, the taxpayer, or the authorities of the taxing district. The City of Jersey City does not claim to have invoked the statutory relief. Under

these circumstances we do not see how it can be said that the County Board of Taxation is vested with any less jurisdiction to determine the right of exemption from local taxation of this category of property than in the case of any of the many other types of exemption subject to determination by county boards of taxation.

In *Jersey City* v. *Board of Equalization of Taxes (Supreme Court,* 1907), 74 *N. J. L.* 382; 65 *Atl. Rep.* 903, it was held that the Board of Equalization of Taxes possessed jurisdiction to review a local assessment made upon property owned by a railroad company, and to cancel it to the extent that it represented an assessment upon property used for railroad purposes. The court analyzed the several statutes governing the jurisdiction and powers of the Board of Equalization of Taxes, and concluded that the general extent of the rights conferred upon the board to determine the right of exemption from taxation in many diverse situations was convincing of the right to determine whether or not property owned by a railroad company was exempt from local taxation, as used for railroad purposes. In our opinion this reasoning is equally applicable here. The city has not introduced any evidence whatsoever as to the question of the nature of the use of this property, whether for railroad purposes or otherwise, and the determination of the County Board of Taxation is therefore entitled to the presumption of correctness. *Newton Trust Co.* v. *Atwood (Supreme Court,* 1908), 77 *N. J. L.* 141; 71 *Atl. Rep.* 110. It therefore follows that the judgments of the county board in the 1940 cases must be affirmed.

With respect to the 1939 cases, our consideration of the expert testimony adduced leads to the conclusion that the assessments made by the city should be affirmed and judgments in accordance will be entered in each of said cases.