New Jersey Department of Labor,
Workmen's Compensation Bureau.

IDA WINGLER AND MICHAEL WINGLER, INDIVIDUALLY, AND IDA WINGLER AS NEXT FRIEND OF CATHERINE WINGLER, PETITIONERS, v. NEW JERSEY FULGENT COMPANY, INC., RESPONDENT.

Decided November 18, 1943.

For the petitioners, *John C. Stockel.*

For the respondent, *Cox & Walburg.*

The petitioners herein, Ida Wingler and Michael Wingler, individually, and Ida Wingler as next friend of Catherine Wingler, filed their dependents' claim petition seeking death benefit compensation. It is admitted by the parties that the decedent, Joseph Wingler, on September 1st, 1942, was in the employ of the respondent and on that day met his death by accident arising out of and in the course of his employment. It is not disputed that the decedent left him surviving, as full dependents, his mother, Ida Wingler, and his father, Michael Wingler. It is further admitted and the proofs showed that the decedent also left him surviving, a sister, Catherine Wingler; that at the time of the fatal accident she was 24 years of age, that she was wholly dependent upon the decedent and that she was then and is now a mentally deficient person.

It was the contention of the respondent, and this is the only question for determination here, that decedent's sister, Catherine, is not entitled to death benefit compensation by virtue of the provisions of *R. S.* 34:15–13 (j); *N. J. S. A.* 34:15–13 (j), which reads as follows:

"j. Payments to such physically or mentally deficient persons as are for such reason dependent shall continue during the full compensation period of three hundred weeks. In computing compensation to those named in this paragraph, except husband, wife, parents and step-parents, only those under sixteen or over forty years of age shall be included and then only for that period in which they are under sixteen or over forty."

Prior to the adoption of the Revised Statutes of 1937, *Pamph. L.* 1928, *ch.* 135, section 2 (j) was controlling in a disposition of the problem here presented, and read as follows:

"(j) In computing compensation to those named in this paragraph, except in the case of husband, wife, parents and step-parents only those under sixteen, or over forty years of age, shall be included, and then only for that period in which they are under sixteen or over forty; provided, however, that payments to such physically or mentally deficient persons as are, for such reason, dependent, shall be made during the full term of compensation payment of three hundred weeks."

*R. S.* 1:1–4; *N. J. S. A.* 1:1–4, provides as follows:

"The provisions of the Revised Statutes, not inconsistent with those of prior laws, shall be construed as a continuation of such laws."

In view of this section, an examination should be made of the prior statutory enactments.

It is interesting to note that in the basic Workmen's Compensation Law, *Pamph. L.* 1911, *ch.* 95, the statute is divided by law into "Section I" (which includes what would generally be referred to as "sections" 1 to 6); "Section II" (which includes what would generally be referred to as "sections" 7 to 22); and "Section III" (which includes what would generally be referred to as "sections" 23 to 27). When

reference is made to the numbered parts of an act, the reference to them is generally as "sections" but because of the use of the word "section" in the 1911 act to designate what is usually referred to as "Article," it will be noted that in each amendment of the original section 12 of *Pamph. L.* 1911, *ch.* 95, viz.: *Pamph. L.* 1913, *ch.* 174, § 2; *Pamph. L.* 1914, *ch.* 244, § 1; *Pamph. L.* 1919, *ch.* 93, § 2; *Pamph. L.* 1921, *ch.* 85, § 1; *Pamph. L.* 1923, *ch.* 49, § 2, and *Pamph. L.* 1928, *ch.* 135, § 2, the introductory sentence always referred to "paragraph" 12 of the original act instead of "section" 12, as is usually used in the case of amendment or reference. This explains, in *Pamph. L.* 1919, *ch.* 93, § 2, the reason for the use of the phrase "those named in this paragraph" in the body of the act, which obviously referred to the whole of what would ordinarily be referred to as "section" 12.

Under the provisions of *Pamph. L.* 1928, *ch.* 135, § 2 (j), *supra*, it appears that the provision for payments to physically or mentally deficient persons was not restricted by any age limitation. The language used in *R. S.* 34:15–13 (j); *N. J. S. A.* 34:15–13 (j), is not as clear as the provisions in the 1928 act, but in view of *R. S.* 1:1–4, *supra*, and the history of this legislation, it is apparent that the two sentences in subdivision (j) of *R. S.* 34:15–13; *N. J. S. A.* 34:15–13, should be considered as separate qualifications upon the whole "paragraph," as this word is used throughout this Workmen's Compensation legislation, which means and refers to the whole "section" *R. S.* 34:15–13, and that the second sentence should be considered as affecting all dependents other than those expressly provided for in the first sentence. Certainly, it is evident, that any other construction upon these two sentences would result in gross inconsistency.

The opinion of Mr. Justice Heher in *Crater* v. *County of Somerset* (*Court of Errors and Appeals*), 123 *N. J. L.* 407; 8 *Atl. Rep.* (2d) 691, 696, in construing a section of the Revised Statutes of 1937 in the light of the language in the source statutes, is pertinent. After citing, with approval, the provisions of *R. S.* 1:1–4, *supra*, he says:

"There is a presumption against a legislative intention, by a revision of general laws, to effect a change of substance.

That presumption is not, *ex necessitate,* overcome by mere change of phraseology, or the addition or omission of words in the revision; the intention to alter the essence must be expressed in language admitting of no reasonable doubt of the purpose." Citing, *King* v. *Smith,* 91 *N. J. L.* 648; 103 *Atl. Rep.* 191; *Newark* v. *Tunis,* 81 *N. J. L.* 45; 78 *Atl. Rep.* 1066; *affirmed,* 82 *N. J. L.* 461; 81 *Atl. Rep.* 722; *Trenton* v. *Standard Fire Insurance Co.,* 77 *N. J. L.* 757; 73 *Atl. Rep.* 606; *State* v. *Anderson,* 40 *N. J. L.* 224; *In re Murphy,* 23 *Id.* 180; *Hendrickson* v. *Fries,* 45 *Id.* 555; *O'Hara* v. *National Biscuit Co.,* 69 *Id.* 198; 54 *Atl. Rep.* 241.

In addition to these observations, it should again be pointed out that our courts have time after time emphatically stated that the Workmen's Compensation Law is remedial legislation enacted for the benefit and protection of the workingman and his dependents and as such should be liberally construed so as to carry out the humanitarian and beneficent purposes and intent of the law. Certainly, the objects of this progressive and worthwhile legislation and the rights conferred thereby upon men and women in industry should not be defeated by resort to technical objections such as that interposed here by the respondent, which is without merit.

For the reasons stated, I find and determine that Catherine Wingler, as well as Ida Wingler and Michael Wingler are full dependents of the decedent and as such entitled to death benefit compensation within the meaning and intendment of section 34:15-13 (j) of the Revised Statutes of 1937, derived from chapter 135 of the laws of 1928.

Judgment is hereby entered in favor of the petitioners and against the respondent.

JOHN M. KERNER,
*Deputy Commissioner.*