Certiorari was allowed by the former Supreme Court to review the assessment made by the City of Jersey City against certain personal property of appellant having *Page 37 
a situs within the taxing district for the year 1944. The original assessment was made in the amount of $35,000, which was subsequently reduced by the Hudson County Board of Taxation to $30,000. In the proceedings before the Hudson County Board of Taxation and on the appeal to the Division of Tax Appeals the taxpayer asked for a reduction of the assessment to $10,000, and Jersey City, by way of cross-appeal, sought a restoration of the assessment to $35,000. On appeal the Division of Tax Appeals affirmed the assessment as determined by the county board.
Under R.S. 2:81-8 "it was the function" of the former Supreme Court in tax assessment proceedings "to evaluate the evidence and determine the facts and the quantum of each assessment in accordance with the standard prescribed by the law." Meltzer v.Division of Tax Appeals, 134 N.J. Law 510 (Sup.Ct. 1946),48 Atl. (2d) 842. Under Rule 3:81-8 appeals from state administrative agencies are now cognizable by the Appellate Division of the Superior Court. Rule 3:81-13 vests the court with power to review the facts and make independent findings thereon, which power may be exercised by the court to such extent as the interests of justice may require.
There is a presumption of law in favor of the assessments as revised by the County Board of Taxation; and the onus of proof of an excess of valuation is upon the property owner. In the absence of credible and convincing evidence contra, the presumption operates so as to validate the determination of the County Board of Taxation and the Division of Tax Appeals.Meltzer v. Division of Tax Appeals, supra, opinion by Mr. Justice Heher, citing Jersey City v. Sun Holding Co.,134 N.J. Law 119 (Sup.Ct. 1946), 46 Atl. (2d) 156; Newton TrustCo. v. Atwood, 77 N.J. Law 141 (Sup.Ct. 1908),71 Atl. 110.
The only witness before the Division of Tax Appeals was Jacob I. Schaffer who testified that the appellant is a partnership, consisting of himself and wife, residents of New York City, who claimed among other things, that the business office of the partnership was in New York City, and that the manufacturing *Page 38 
activities were located in Jersey City. He testified that the taxpayer was engaged in manufacturing woman's ornamental, novelty belts; that although the inventory had a book value between $20,000 and $25,000, its market value was only $7,500; that the market value of the machinery was $2,500; that the annual volume of business was approximately $500,000 a year and that his monthly payroll was about $10,000. Mr. Schaffer made no attempt to establish the value of component parts of the personal property, produced no inventory, but merely relied upon his statement. Appellant argues that it proffered substantial evidence to prove that the assessment in question was excessive and thereby overcame the presumption of its correctness, citingMeltzer v. Division of Tax Appeals, supra, in support of its contention. However, in the Meltzer case there was competent, convincing testimony by qualified witnesses as to the value of the personal property assessed, which the Supreme Court held overcame the presumption of law in favor of the assessment as revised by the County Board of Taxation. Mr. Schaffer's testimony was vague and inconclusive, and for the purpose of the proceedings under review was unsatisfactory and unconvincing. In fact, the tax commissioners who presided at the hearing before the State Division of Tax Appeals, in commenting upon Mr. Schaffer's testimony and attitude upon the stand, said:
"The attitude of Schaffer on the stand, as observed by the members of the Panel, especially during the examination by Commissioner Conklin, as well as his ability to remember many details of the business but not as to the U.C.C. and income tax accounts, makes it extremely difficult to rely too heavily upon his testimony."
We have reached the conclusion that the appellant has not borne the burden of overcoming the presumption of the accuracy of the assessment as determined by the county board and the Division of Tax Appeals.
We might have, at the outset, refused to entertain this appeal on the ground that Schaffer Belts, the alleged partnership, is not a party to these proceedings. The appeal has been brought in the name of Schaffer Belts, Inc., a corporation of this State.Rule 3:17-1 requires that every action shall be *Page 39 
prosecuted in the name of the real party in interest. This has not been done. However, we have considered the merits of the appeal rather than a strict application of the rule.
It has been stipulated that the cause relating to the assessment of 1944 shall be considered as presented and filed in the cause relating to the assessment for the year 1945, which was made on the same property and in like amount. Our determination of the validity of the assessment for the year 1944 will, therefore, apply with like effect to that made for the year 1945.
Our determination makes it unnecessary to consider plaintiff's other grounds of appeal.
The judgment of the Division of Tax Appeals is affirmed, with costs.