COMMERCIAL CASUALTY INSURANCE COMPANY, PROSE-
CUTOR, v. THE STATE BOARD OF TAX APPEALS AND
THE CITY OF NEWARK, RESPONDENTS.

Argued May 6, 1937—Decided October 13, 1937.

Before Justices Bodine, Heher and Perskie.

For the prosecutor, *Lum, Tamblyn & Fairlie* (*Ernest C. Lum* and *Chester W. Fairlie,* of counsel).

For the respondent city of Newark, *John A. Matthews.*

The opinion of the court was delivered by

Heher, J. Prosecutor complains of an assessment for taxes levied against it by the city of Newark under section 307 of the General Tax act of 1918 (*Pamph. L., pp.* 847, 858), and the definitive question is whether, in the calculation of the taxable "capital stock paid in and accumulated surplus" on the assessment date, October 1st, 1934, its "estimate of the ulti-

mate cost of claims" for losses within the coverage of issued policies (aggregating $4,812,301.04), asserted to have been sustained prior thereto, is to be considered a deductible liability within the intendment of the act. The proofs disclose that $365,447 of this sum is to be apportioned to fidelity and surety policies, and the balance to accident, health, automobile, plate glass and burglary policies.

The estimate of the "ultimate cost" of the particular claim, made by prosecutor's claim department, was based upon the "facts learned" by an "investigator" sent out "to corral the facts of the case immediately after" receipt of notice of the claim. No attempt was made to establish a factual basis for the estimate in the individual case; and the proofs are vague as to the standard of measurement, although it is reasonably inferable that, with the exception of those deemed to have a "nuisance value" only, probability rather than possibility in the light of the facts then disclosed was the determinative in respect of both liability and the *quantum* of loss. Where liability was deemed not to be within the realm of likelihood, the "nuisance value" of the claim was regarded as a deductible obligation. But the proofs do not disclose the total amount of claims so classified.

In the ascertainment of the "accumulated surplus," within the intendment of the cited provision of the Tax act, "fixed liabilities" only, as distinguished from "contingent" obligations, are deductible. *Trenton* v. *Standard Fire Insurance Co.,* 77 *N. J. L.* 757, 765.

Granting this, prosecutor maintains that its liability under a policy of this general class is contingent "only so long as the contingency insured against has not occurred, and that, upon the happening of the contingency against which it has insured, its liability to make the indemnity payment provided for in its policy is, in the law, a fixed liability; the contingency insured against having happened, liability under the policy ceases to be contingent and becomes fixed and absolute." More specifically, it is said that, while liability on a particular claim may not "ultimately appear," or it may eventually be established that the "company was liable for an

amount less than the estimate set up against it, * * * that fact does not render 'contingent' those claims and losses for which the company was actually liable;" and that "if the claim is valid, it is in no way contingent, the contingency insured against having already occurred—it is a fixed contractual liability under its policy, existing as of the date of the happening of the contingency insured against, notwithstanding the fact that some time may be required for the company to determine whether it is in fact liable and what the amount of its liability is." And it having been proved that, subsequent to the mentioned assessment date, "when [to borrow the language of prosecutor's brief], upon completion of the company's investigation, both the fact of liability and the amount of the loss" had been ascertained (either by settlement or judgment), upwards of $3,272,000 were paid in satisfaction of claims so made (the estimated cost of the remainder being approximately $1,650,000), it is argued that "at least the October 1st, 1934, unpaid claims which have since been paid should be deducted," in which event, it seems to be conceded, prosecutor would not be subject to any part of the tax assessed.

But the essential unsoundness of these contentions is obvious. They ignore the fundamental consideration that the character and status of the liability is determined as of the assessment date prescribed by the statute, and not by subsequent developments. The adjective "fixed," as used in the cited case interpreting the pertinent section of the statute, imports certainty and definiteness both as to obligation and amount. It means a liability fully and precisely established on the assessment date. The obligations here asserted to be deductible liabilities (so far as the proofs disclose, the specific items are all in the same category) were not then fixed and certain as to liability and amount. The company plainly did not regard them as definite obligations. That was a matter for future determination; and, in accordance with what is considered good accounting practice, it set apart, to quote the testimony of its secretary, who was in charge of the "Statistical and Accounting Divisions," a "reserve for each

specific claim." This "reserve" was not set up in cash. These moneys were continued under investment at an annual yield of three and one-half per cent., the income being added to the surplus. What then seemed a probable liability (assuming that such was the standard), based as it was on a cursory and incomplete examination of the facts by the claims department, and subject to revision when the investigation was completed or the obligation definitely determined, cannot reasonably be classified as a "fixed" liability. No sum was then due on these claims. The company was at that time under no obligation to pay, immediately or at a prescribed future time, a certain and definite sum. Concededly, the ultimate result of the individual case might be a finding of no liability whatever. Thus the existence and amount of liability were then uncertain and therefore "contingent" within the intendment of the law.

Prosecutor's concluding argument that it is "preposterous to even suggest" that it had "no such liability" on the claims pending on the assessment date "as must be taken into consideration in determining the net worth of the company" is addressed to the wisdom rather than the meaning of the law, and is therefore irrelevant. The construction given the enactment in the cited case is conclusive. It is the judgment of our court of last resort. Moreover, the failure of the legislature to modify the statute, as so construed, is significant of the lawmaking body's acquiescence in that interpretation. In this situation, a different construction would be violative of the legislative will.

The judgment of the state board of tax appeals, reversing the judgment of the Essex county board of taxation, is accordingly affirmed, with costs.