STATE BOARD OF TAX APPEALS.

THE NATIONAL COMMERCIAL TITLE AND MORTGAGE GUARANTY COMPANY, PETITIONER, v. CITY OF NEWARK, RESPONDENT.

Decided March 19, 1940.

For the petitioner, *Lindabury, Steelman, Zink & Lafferty.*

*For the respondent, James F. X. O'Brien* (by *Vincent J. Casale*).

QUINN, President. Petitioner was subject to taxation for the year 1937 upon its capital stock paid in and accumulated surplus, under the provisions of *Pamph. L.* 1918, *ch.* 236,

§ 307 (*R. S.* 54:4-22), since superseded by *Pamph. L.* 1938, *ch.* 245. The statute then read as follows:

"Every fire insurance company and every stock insurance company other than life insurance, shall be assessed in the taxing district where its office is situate, upon the full amount of its capital stock paid in and accumulated surplus. The real estate belonging to every such corporation shall be taxed in the taxing district where situated, and the amount of assessment upon the real estate shall be deducted from the amount of any assessment made upon the capital stock and accumulated surplus. No franchise tax shall be imposed upon any such fire insurance company or other stock insurance company included in this section."

In pursuance of the act, the city of Newark levied against petitioner an assessment in the sum of $200,000 for the year 1937, which was sustained on appeal by the Essex County Board of Taxation. Petitioner had filed with the city its personal property tax return for 1937, and bases its position in the present proceedings upon the facts therein set out, as follows:

CITY OF NEWARK, NEW JERSEY

PERSONAL PROPERTY TAX RETURN FOR 1937 TAXES

THE NATIONAL COMMERCIAL TITLE
AND MORTGAGE GUARANTY COMPANY
24 Commerce St., Newark, N. J.

| | | |
|---|---|---|
| Capital . . . . . . . . . | $2,968,796.00 | |
| Surplus . . . . . . . . . | 2,339,802.25 | |
| Undivided Profits . . . . . . . | 283,693.78 | $5,592,292.03 |
| Less: | | |
| Mortgages . . . . . . . . | $4,611,923.06 | |
| Investments in Bonds . . . . | 74,826.49 | |
| Investments in Stocks . . . | 667,029.59 | 5,353,779.14 |
| Adjusted Capital Stock and Surplus . . | | $238,512.89 |
| Less: | | |
| Assessed values on Real Estate Owned . . . . | | 4,640,510.00 |
| Amount Subject to Tax . . . . . . . . . . . . . . . . | | None |

In advance of a detailed consideration of petitioner's financial structure, it should be noted that under the doctrine of *Fidelity Trust Co.* v. *Board of Equalization of Taxes of New Jersey (Supreme Court,* 1908), 77 *N. J. L.* 128; 71 *Atl. Rep.* 61, petitioner is entitled to the deduction from its capital stock and surplus, not only of the assessed value of its real estate as specifically provided under section 54:4-22, but also to the deduction of any non-taxable or exempt property which has entered into the determination of such capital stock and surplus. That determination, it is held in the case cited, is to be arrived at by the deduction of debts and liabilities of the company from the true value of its gross assets. See, also, *Fidelity Union Title and Mortgage Guaranty Co.* v. *City of Newark (State Board),* opinion filed December 8th, 1936.

An application of the rule stated to the financial statement of petitioner, as hereinbelow set out, must be made in the light of the unique status occupied by a mortgage guaranty company with respect to property which it administers and manages, but in which it may have no beneficial interest or only partial equity. Under its charter, petitioner may and does carry on the business of investing in real estate bonds and mortgages, some of which it sells outright to private investors, with an accompanying guarantee by it of payment of the principal and interest, and others of which are sold in parts or fractional interests represented by participation certificates issued to the purchasers, with similar guarantees of payment. Some of the latter mortgages are fully sold, while in others the company may retain a participating interest. Yet other mortgages remain completely unsold by the company. See *Kelly* v. *Middlesex Title Guarantee and Trust Co. (Chancery,* 1934), 116 *N. J. Eq.* 228; 172 *Atl. Rep.* 487. Petitioner services those mortgages in return for a fraction of the interest payable thereunder and, in the event of default, takes possession under, or forecloses the mortgage, and thereafter complies with its guarantee in favor of the particular investor affected. Pending the termination of the contractual relationship between the company and the investor, the former is merely trustee of the property, whether

in the form of mortgage or real estate, and whether the mortgage is a "guaranteed mortgage," *i. e.*, sold outright with accompanying guarantee, or whether subdivided in participations among several investors. *Kelly* v. *Middlesex Title Guarantee and Trust Co.*, 116 *N. J. Eq.* 228 (at *pp.* 230, 231); 172 *Atl. Rep.* 228.

On January 10th, 1934, petitioner entered upon a plan of operation pursuant to regulations promulgated by the Commissioner of Banking and Insurance, which had the effect and purpose of extending the time for payment of principal and interest of guaranteed mortgages and interests therein. This plan was in effect on the assessing date herein and is the "plan" referred to in the financial statement of the company, annexed to its petition of appeal, and which is as follows:

ASSETS

| | | | |
|---|---|---:|---:|
| (1) | First Mortgage Loans Sold Guaranteed (Subject to Plan) ... .... | $1,003,014.34 | |
| (2) | Real Estate . ... | 435,936.45 | |
| (3) | Accounts Receivable—Advances for payment of Taxes, Ins., &c. ..... | 61,191.14 | |
| | | | $1,500,141.93 |
| (4) | First Mortgage Loans Sold Guaranteed (not subject to Plan) . . .. | $374,245.49 | |
| (5) | Real Estate ... ... | 47,088.95 | |
| (6) | Accounts Receivable—Advances for payment of Taxes, Ins., &c. ... . | 902.51 | |
| | | | 422,236.95 |
| (7) | First Mortgage Loans Deposited with Trustees to Secure Group Certificates Sold Guaranteed ... . (Subject to Plan) | $11,790,435.42 | |

| | | | |
|---|---|---:|---:|
| (8) | Real Estate . . . . . . . . . | 4,554,231.87 | |
| (9) | Accounts Receivable—Advances for payment of Taxes, Ins., &c. . . . . . | 220,085.02 | |
| (10) | Cash Collateral . . . . . . | 130,390.34 | |
| | | | 16,695,142.65 |
| (11) | First Mortgage Loans Deposited with Trustees to Secure Participation Certificates Sold Guaranteed (Subject to Plan) . . . . . . . | $341,975.00 | |
| (12) | Real Estate . . . . . . . . . | 748,251.05 | |
| (13) | Accounts Receivable—Advances for payment of Taxes, Ins., &c. . . . . . . | 3,975.85 | |
| (14) | Cash Collateral . . . . . . . | 3,391.64 | |
| | | | 1,097,594.54 |
| (15) | First Mortgage Loans Deposited with Trustees to Secure Part. Ctfs. Sold Guaranteed (Not subject to Plan) | $559,219.45 | |
| (16) | Real Estate . . . . . . . . | 15,432.92 | |
| (17) | Accounts Receivable . | 258.11 | |
| (18) | Cash Collateral . . . . . . . | . . . . . . | |
| | | | 574,910.48 |
| (19) | First Mortgage Loans Pledged with Reconstruction Finance Corporation to Secure Loan of $299,018.77 | $783,602.44 | |
| (20) | Real Estate . . . . . . . . . . | 111,252.02 | |
| (21) | Accounts Receivable . . . | 10,110.21 | |
| | | | $904,964.67 |
| | (a. First Mortgage Loans Owned by Company . . . . . . . . . . . . . . . . . . . | | 985,321.82 |
| | (b. Real Estate Owned by Company (at Cost) . . . . . . . . . . . . . . . . . . . . . | | 581,584.78 |

(c. Junior Participations in Mortgages
Withdrawn   . . . . .. .   . .   ..     502,730.14
(d. Second Mortgages Acquired through
H.O.L.C. Refinancing . . . . . . .     51,050.61
(e. Cash on Hand and in Banks   ..     207,217.61
(f. Investments in Stocks (At Cost) .     170,266.81
(g. Investments in Bonds (At Cost).     14,751.49
(h. Investments in Home Owners Loan
(22)    Corp. Bonds (At Cost) . . . .     60,075.00
(i. Investments in Scrip (At Cost) . . .     . . . . . . . .
(j. Investments in Lawyers Title Guar-
anty Co. of N. J. (At Cost) . . .     621,346.04
(k. First Mortgage Certificates in Com-
pany issues owned by Company .     251,150.00
(l. Interest Receivable Matured and Ac-
crued   . . . . . .   . .  . .  . . .   . . . .     1,911,477.81
(m. Accounts Receivable   . . .  . .  . . . .     209,197.65
(n. Notes Receivable   . . . .  . . . . . .  . .     352,150.27
(o. Interests in Tax Sale Certificates
Purchased with Borrowed Funds
Pledged   . . .  . . . .   .   . . .     121,792.15
(p. Title Plant . . .   . . . . . . . . . . .   . . .     1.00

Total Assets   .. . . . . .   .   .   $27,235,104.40

LIABILITIES

A. Guaranteed First Mortgages Issued and
Outstanding (Subject to Plan) . .     $1,294,619.06
B. Guaranteed First Mortgages Issued and
Outstanding (Not Subject to Plan) .     396,478.37
C. First Mortgages Not Guaranteed   .. .     47,113.44
D. Guaranteed First Mortgage Participation
Certificates Issued and Outstanding—
Group Series (Subject to Plan) . . . . .     15,305,414.27
E. Guaranteed First Mortgage Participation
Certificates Issued and Outstanding—
Participation Series (Subject to Plan)     692,941.69

| | |
|---|---:|
| F. Guaranteed First Mortgage Participation Certificates Issued and Outstanding— Participation Series (Not Subject to Plan) | 507,366.18 |
| G. Notes Payable—Reconstruction Finance Corporation | 331,973.93 |
| H. Funds Borrowed to Purchase Certificates of Tax Sales (Collateralized by Interest in Tax Sale Certificates) | 121,814.40 |
| I. Mortgages Payable | 27,900.00 |
| J. Accounts Payable | 75,132.31 |
| K. Interest Payable—Matured and Accrued | 2,189,131.09 |
| L. Reserve for Depreciation on Real Estate | 224,596.15 |
| M. Reserve for Contingencies and Doubtful Accounts | 442,293.79 |
| Total Liabilities | $21,656,774.68 |

| | | |
|---|---:|---:|
| Capital Stock Issued and Outstanding | $2,968,796.00 | |
| Surplus | 2,339,802.25 | |
| Undivided Profits | 269,731.47 | |
| | | 5,578,329.72 |

Total Liabilities, Capital and Surplus .. $27,235,104.40

The numbers and letters preceding the line items are supplied by us for ready identification.

Proceeding to apply to the information afforded by this statement the formula of the *Fidelity Trust Co.* case, *supra,* we determine first the interest or equity of petitioner in the guaranteed mortgages or mortgage interests. Items 1, 4, 7, 11 and 15 total $14,068,889.70. Items 2, 5, 8, 12 and 16 represent the book value of real estate converted from guaranteed mortgages by reason of defaults. They aggregate $5,800,941.24. The total of mortgages and real estate appertaining to guaranteed mortgages is therefore $19,869,830.94. The face liability of petitioner upon guarantees of mortgages, represented by items A, B, D, E and F is $18,196,819.57.

Deducting this figure from that next preceding leaves an equity of $1,673,011.37 in petitioner in the property allocable to guaranteed mortgages and mortgage interests. Petitioner's gross assets may then be reflected in this wise:

| | |
|---|---:|
| As above derived | $1,673,011.37 |
| Assets and items due or held on account of guaranteed mortgage interests, items 3, 6, 9, 10, 13, 14, 17, 18 | 420,195.61 |
| Assets owned by company, items 19, 20, 21, 22, | 6,945,077.85 |
| Gross Assets Total | $9,038,284.83 |

In determining which of the items set up by petitioner as liabilities on the liability side of its statement are properly deductible from the gross assets for the determination of its capital stock and accumulated surplus, regard must be had for the rule laid down in *Trenton* v. *Standard Fire Insurance Co.* (*Court of Errors and Appeals,* 1909), 77 *N. J. L.* 757; 73 *Atl. Rep.* 606, to the effect that only fixed and certain liabilities, not contingent ones, are so deductible. "Fixed," means certain and definite as to both obligation and amount as of the assessing date. *Commercial Casualty Insurance Co.* v. *State Board* (*Supreme Court,* 1937), 119 *N. J. L.* 94; 194 *Atl. Rep.* 390. Reserves consisting of assets actually existing and employed by the company in its operations are not deductible. *Newark Fire Insurance Co.* v. *State Board* (*Supreme Court,* 1937), 118 *N. J. L.* 525; 193 *Atl. Rep.* 912; *Universal Insurance Co.* v. *State Board of Tax Appeals* (*Supreme Court,* 1937), 118 *N. J. L.* 538; 193 *Atl. Rep.* 915. These considerations rule out items L and M as not properly deductible liabilities. The fixed and certain liabilities of the company are items G, H, I, J and K, aggregating $2,745,951.73. Properly calculated, therefore, petitioner's capital stock and accumulated surplus is:

| | |
|---|---:|
| Gross Assets | $9,038,284.83 |
| Liabilities | 2,745,951.73 |
| Capital and surplus | $6,292,333.10 |

We have now to determine what exempt or non-taxable assets have entered into the capital and surplus and deduct them therefrom. Unquestionably items 19, and subitems (a), (c), (d), (f), (g), (h), (j) and (k) under item 22 are so deductible. They total $3,340,294.35. Petitioner should likewise be allowed a deduction for that part of its interest in the sum of $1,673,011.37, shown above to represent its equity in properties allocable to its guarantees, which consists of non-taxable mortgages. There being no proof in the record which would indicate how much of said $1,673,011.37 consists of mortgages, or what part thereof represents real estate, we assume, for purposes of this opinion, that the ratio of mortgages to real estate in said equity of $1,673,011.37 is the same as the proportion that the total of guaranteed mortgages bears to the total of real estate allocable to such mortgages. By computation this ratio is approximately seventy-five per cent. in mortgages to twenty-five per cent. of real estate, or $1,254,758.52 of deductible mortgages and $418,252.34 of real estate. The situation presented herein as to mortgages is to be distinguished from that with which we were recently confronted in *Franklin Mortgage and Title Guaranty Co.* v. *Newark* (*State Board,* 1940), 18 *N. J. Mis. R.* 34, where the question involved, under the same statute as is now before us, was as to the deductibility of mortgages absolutely owned by the taxpayer company, but pledged as collateral security for the payment of bonds issued by the company. We held the bonds deductible as debts, and the mortgages as exempt assets.

We have finally to determine what, if anything, should be deducted on account of the statutory direction to allow a deduction of "the amount of assessment," of real estate "belonging" to the company. The only figure pertaining to assessed valuations of real estate to be found in the record taken at the hearing is that of $4,640,510, which includes all of the realty assessed in the name of the company, whether owned by, or "belonging to" the company, or not. The petitioner administers millions of dollars of realty assessed in its name, but actually held by it in trust on behalf of guaranteed mortgage or certificate holders. Such properties do not "belong" to petitioner, and their value does not enter into its

capital and surplus. This becomes obvious under the facts of the particular case when it is considered that the book value of the realty in question is $6,493,778.04 and that petitioner's estimate of its capital stock and surplus is only $5,353,779.14, which figure is presumably the result of computations in which not only realty, but also mortgages and other property are taken into account.

On the record, therefore, there is no evidence before us to indicate the assessed value of the real estate truly owned by petitioner. Were an estimate permissible, the approximate assessed value of such realty might be determined by applying the ratio of the total of book value of petitioner's own realty, $1,111,089.14 (being the aggregate of items 20 and 22b and an estimate of the amount of real estate comprising the company's equity in the guaranteed mortgages and realty allocable thereto; see *supra*), to the total book value of all real estate shown on the statement, or $6,493,778.04, which ratio is roughly seventeen per cent. against the $4,640,510, or total of assessed real estate. The resulting deduction would be $788,886.70.

Allowing the widest latitude of surmise in reading the record, there would result this condensed statement of taxable balance against petitioner, as follows:

| | | |
|---|---|---|
| *Capital and Surplus* as computed above . . . . | | $6,292,333.10 |
| *Deductions* | | |
| Admittedly non-taxable and exempt assets . | $3,340,294.35 | |
| Estimated additional interest in exempt mortgages . . . | 1,254,758.52 | |
| Estimated interest in assessed real estate . . . . . . . | 788,886.70 | |
| | | 5,383,939.57 |
| | | $908,393.53 |

This balance being greater than the assessment appealed from, the judgment of the Essex County Board affirming the assessment in the sum of $200,000, should be affirmed.

Judgment accordingly.