STATE BOARD OF TAX APPEALS.

AMERICAN INSURANCE COMPANY, PETITIONER, v. CITY OF NEWARK, RESPONDENT.

Decided July 23, 1940.

For the petitioner, *Pitney, Hardin & Skinner* (by *William J. Brennan, Jr.*).

For the respondent, *James F. X. O'Brien* (by *Vincent J. Casale*).

QUINN, President. Petitioner is a stock insurance company, having its principle office in the respondent taxing district. It was subject to taxation for the year 1938, as of the assessing date, October 1st, 1937, upon its capital stock paid in and accumulated surplus, less the amount of assessments upon real estate belonging to the company, under *Pamph. L.* 1918, *ch.* 236, § 307. By judicial construction of substantially similar predecessor statutes, the act entails an assessing formula for such companies requiring: (a) determination of the true value of gross assets; (b) the deduction therefrom of debts and fixed liabilities, *i. e.,* such as are certain and definite both as to obligation and amount, as of the assessing date; (c) the deduction from the remainder of the amount of assessed real estate and the value of non-taxable and exempt property. *Trenton* v. *Standard Fire Insurance Co. (Court of Errors and Appeals,* 1909); 77 *N. J. L.* 757; 73 *Atl. Rep.* 636; *Fidelity Trust Co.* v. *Board of Equalization (Supreme Court,* 1908), 77 *N. J. L.* 128; 71 *Atl. Rep.* 61.

The city of Newark levied an assessment against petitioner, under the statute, in the sum of $3,513,367, for the year 1938. Upon appeal to the Essex County Board of Taxation, the assessment was reduced to $3,112,118. The petition of appeal before this board prays a further reduction to $2,907,014. Upon the basis of the proof and argument adduced at the hearing, petitioner has in its brief, requested that the assessment be fixed at $2,046,370.44. In view of our conclusions with respect to the substance of petitioner's contentions, however, we need not consider the propriety of a request for reductions not supported by a prayer in the petition of appeal, or by amendment thereof.

For sake of clarity, our consideration of the proof herein will be had under these headings: (a) assets; (b) deductible debts and liabilities; (c) deductible assessed realty and exempt and non-taxable property.

(a) *Assets.* The company's valuation of the following of its assets upon the assessing date is undisputed:

*Ledger Assets*

| | |
|---|---:|
| Cash in office | $4,175.00 |
| National Newark deposit | 424,581.67 |
| Other bank deposits | 241,072.05 |
| Stocks and bonds | 26,109,550.65 |
| Bonds and mortgages | 1,145,705.00 |
| Bond and mortgages (F. H. A.) | 932,373.21 |
| Premiums uncollected (less than 90 days) | 1,892,914.86 |
| Premiums uncollected (over 90 days) | 264,884.25 |
| Missouri premiums | 41,800.52 |
| Premium notes outstanding | 48,176.71 |
| Recoverable insurance on paid losses | 15,316.05 |
| Inter-company accts. rec. | 67,982.16 |

*Non-Ledger Assets*

| | |
|---|---:|
| Accrued interest bonds and mortgages | 19,621.68 |
| Accrued interest on bonds | 86,574.04 |
| | |
| Total Undisputed Assets | $31,294,727.85 |

In addition to the assets set forth, the petitioner's balance sheet shows real estate (company occupied), at $3,278,589.49, and real estate (all other) at $565,075.60. The city contends that the figures for these items should be respectively, $4,407,552.75 and $751,295.50. These, however, according to the proof adduced, are original cost amounts, and not reflective of true value, since they do not allow for any depreciation at all, which is necessarily a factor in selling value. *Turnley* v. *Elizabeth* (*Supreme Court,* 1908), 76 *N. J. L.* 42; 68 *Atl. Rep.* 1094. And see *City of Newark* v. *Imperial Laundry Co.* (*State Board*), filed December 12th, 1939. The cost of company occupied buildings was properly subject to write-offs for depreciation duly voted by the directors of the company, in the amount of $787,552.75. But petitioner's claim for an additional deduction of $407,636.20 as a reserve for depreciation of such realty is not allowable, in the absence of a showing that such additional depreciation has accrued and is thus properly chargeable against the property, as a matter of valuation. Nor does the reserve,

under such circumstances, represent a liability certain and definite as to amount, as required by the rule stated in *Commercial Casualty Insurance Co.* v. *State Board of Tax Appeals (Supreme Court,* 1937), 119 *N. J. L.* 94; 194 *Atl. Rep.* 390. See *The National Commercial Title and Mortgage Guaranty Co.* v. *City of Newark (State Board,* 1940), 18 *N. J. Mis. R.* 186; 11 *Atl. Rep.* (2*d*) 759. The burden as to this, as well as all other issues in the case, rests upon petitioner, in view of the presumption of correctness attending the county board determination. *Estell* v. *Hawkens (Supreme Court,* 1887), 50 *N. J. L.* 122, 125. Similarly, while the cost of the other real estate of petitioner, in the sum of $605,873.70, was properly chargeable with actually accrued depreciation, taken on the books of the company, of $29,565.82, there is no additional right to the deduction from cost of a reserve for depreciation. In pursuance of the foregoing the evidence indicates total realty of a true value of $3,620,000 (company office buildings), and $576,307.88 (other realty), or a total of $4,196,307.88.

Petitioner contends, however, that a proper construction of the statute would preclude the taking of real estate, for purposes of determination of gross assets, at a figure in excess of its assessed value. This contention is posited on the statutory provision for deduction of realty belonging to the company in its assessed value, and upon the theory that unless the real estate is similarly taken at its assessed value in computing capital and surplus, there will ensue double taxation of such realty. We cannot concur in this view. It was seen above that the first necessary step in the formula of assessment of a stock insurance company is the determination of the *true* value of its gross assets. Realty owned is an asset. As with all other assets, it must be taken at its true value. The statutory provision for the deduction from capital and surplus of the assessed value of real estate is for the purpose of avoiding any duplication of real estate taxes, but only to the extent of the *actual assessed values* of such realty. Concurrence in petitioner's argument herein would result in the exemption from taxation of that portion of the true value of its real estate, which is represented by the excess which

appears in this case to exist in such true value, over assessed value. The city of Newark is not estopped in this case from urging the assessment of petitioner's capital and surplus as its true value, as required by statute, by mere reason of its underassessment of one of the constituents thereof, in the administration of a separate and distinct tax thereupon.

The respondent taxing district takes further exception to the statement of assets contained in petitioner's balance sheet because of its failure to reflect as an asset an item of $680,000, constituting recoverable reinsurance on unpaid losses. According to the proof at the hearing, petitioner becomes entitled to this credit only if, as, and when it pays claims against it. Since reserves for unpaid losses are not a proper subject of deduction, as contingent (*Commercial Casualty Insurance Co.* v. *State Board of Tax Appeals, supra*), there appears to be no sound basis for the inclusion in assets of potential claims for reinsurance on such losses, which are equally contingent, and, in fact, valueless until losses are actually paid. The item in question will not be included as an asset. The assets scheduled hereinabove, including real estate, aggregate $35,491,035.73.

(b). *Deductible debts and liabilities.* The parties have agreed as to the following amounts of debts and liabilities properly deductible in the computation of capital stock and accumulated surplus.

| | |
|---|---|
| Dividends payable . . . . . . . . . . . . . . . | $401,248.80 |
| Commissions . . . . . . . . . . . . . . . . | 13,958.48 |
| 1937 Real estate taxes . . . . . . . . . . | 5,051.03 |
| 1937 Personalty taxes . . . . . . . . . . . . | 90,040.00 |
| 1937 Federal income tax . . . . . . . . . . . | 130,000.00 |
| 1937 Premium taxes . . . . . . . . . . . . . | 213,443.70 |
| 1937 Social security taxes . . . . . . . . . . | 9,733.11 |

There is some question as to whether 1937 income taxes do not accrue as of December 31st, 1937, so as to preclude their constituting a liability on October 1st, 1937. *Montgomery, Auditing Theory and Practice* (*3d ed.*) 239. But we shall assume, for present purposes, that the deduction is proper.

Petitioner further claims, while respondent disputes, the deductibility of an item of $201,584.57, on account of drafts for losses, issued, but unclaimed upon the assessing date, by the petitioner, and by subsidiary companies, to the extent of ninety-four per cent. of those of the latter, in pursuance of an agreement by petitioner to assume that percentage of losses paid by them. There can be no question that this item is truly a liability of the company, and similar claims have been deducted by this board in the past. See *Fidelity Union Title and Mortgage Guaranty Co.* v. *City of Newark (State Board)*, filed December 8th, 1936.

There remains for consideration the deductibility, as a claimed liability, of petitioner's reserves for the payment of 1938 taxes, as follows:

| | |
|---|---:|
| 1938 Realty taxes | $111,681.29 |
| 1938 Personalty taxes | 95,000.00 |

Petitioner strenuously urges the deductibility of these items upon the theory that they accrued upon the books of the company as a liability upon October 1st, 1937, and are therefore properly deductible in the determination of its capital stock and accumulated surplus as of that date. Numerous authorities are cited in support of the contention thus urged. Upon careful analysis, however, none of them appear to substantiate the proposition that estimated 1938 property taxes are a proper liability in the determination of a corporate balance sheet, as of October 1st, 1937.

While it is provided by statute that "all property shall be assessed to the owner thereof with reference to the amount owned on October first in each year" (*R. S.* 54:4-1), none of the other incidents of taxability accrue prior to the commencement of the tax year. The assessor's lists are presented to the county boards of taxation on January 10th. *R. S.* 54:4-35. These are revised, corrected and equalized by such boards on or before April 1st. *R. S.* 54:4-55; *N. J. S. A.* 54:4-55. The taxes are payable quarterly, on the first day of February, May, August and November of each year, and become delinquent after those dates. *R. S.* 54:4-66; *N. J.*

*S. A.* 54:4-66. Unpaid taxes become a lien on December 1st. *R. S.* 54:5-6; *N. J. S. A.* 54:5-6. Petitioner's assertion that these taxes accrued as liabilities on October 1st, 1937, is not supported, as a fact, by the proof adduced at the hearing, nor in theory, by the accounting authorities referred to in its brief.

It is conceded that taxes which were actually accrued upon the assessing date, while not "debts," are deductible liabilities, under section 307. *Newark Fire Insuarnce Co.* v. *City of Newark (State Board)*, filed July 7th, 1936. That case, however, did not hold that taxes attributable to a tax year subsequent to the assessing date in question are deductible. Nor are the other cases cited applicable to that precise situation. In *City of Newark* v. *Mutual Benefit Life Insurance Co. (State Board)*, filed September 7th, 1937, the reference is to the deductibility of state and federal taxes *accrued* on the assessing date. The deduction involved in *Colonial Life Insurance Co.* v. *City of Jersey City (State Board)*, filed September 28th, 1937, was for the estimated amount of taxes based upon business for the year. We are here concerned with property taxes, not income or business taxes. In *Prudential Insurance Co.* v. *City of Newark (State Board Tax Reports,* 1912-1934, *p.* 41), it was held that a tax against a deferred dividend fund for the year 1911, was deductible in computing 1912 personal property taxes of a life insurance company, determinable as of the preceding December 31st. All of the rulings of this board cited by petitioner antedate the strict and specific definition of deductible liabilities contained in the Supreme Court decision in *Commercial Casualty Insurance Co.* v. *State Board of Tax Appeals,* cited *supra.* Such liabilities must be "fixed," in the sense that they import "certainty and definiteness, both as to obligation and amount." The liability must be "fully and precisely established on the assessing date." The taxes here in question do not meet that test.

The debts and liabilities properly subject to deduction aggregate $1,065,059.69. Petitioner's capital stock and accumulated surplus may then be set out as follows:

| Gross assets | $35,491,035.73 |
| Debts and liabilities | 1,065,059.69 |

Capital stock and surplus . . $34,425,976.04

(c). *Deductible assessed realty and exempt and non-taxable property.* From capital stock and accumulated surplus the following additional deductions are required:

| Assessed real estate | $2,993,410.00 |
| Exempt bonds and mortgages | 1,145,705.00 |
| Exempt F.H.A. bonds and mortgages | 932,373.21 |
| Exempt stocks | 17,696,208.55 |
| Exempt bonds | 8,202,329.67 |
| Total | $30,970,026.43 |

There results a taxable balance exceeding that fixed in the county board judgment from which petitioner appeals. The judgment will therefore be affirmed.