STATE BOARD OF TAX APPEALS.

BANKERS INDEMNITY INSURANCE COMPANY, PETITIONER, v. CITY OF NEWARK, RESPONDENT.

Decided July 23, 1940.

For the petitioner, *Pitney, Hardin & Skinner* (by *William J. Brennan, Jr.*).

For the respondent, *James F. X. O'Brien* (by *Vincent J. Casale*).

QUINN, President. This case was tried and argued as a companion case to *American Insurance Co.* v. *City of Newark,* decided by this board simultaneously herewith, 18 *N. J. Mis. R.* 516. A number of the legal questions common to both cases have been discussed in the opinion in that case, and reference will be made thereto in connection with those issues. The underlying issue involved is the proper amount of the 1938 assessment against the capital stock and accumulated surplus of petitioner, as a stock insurance company, under *Pamph. L.* 1918, *ch.* 236, § 307. The original assessment, in the sum of $1,137,022, was affirmed by the Essex County Board of Taxation, upon appeal.

Under the statute, as judicially construed, we have to determine the true value of petitioner's gross assets, deduct fixed debts and liabilities, so as to arrive at capital and surplus, and then deduct therefrom the assessed value of real estate, together with exempt or non-taxable assets. See *American Insurance Co.* v. *City of Newark, supra.*

Gross assets of petitioner aggregate, exclusive of real estate, $6,677,053.05. The city contends that petitioner's real estate should be valued as an asset at $109,085.50, a figure obtained by its accountant from an examination of the books of the company. It is satisfactorily shown, however, that this amount represents original cost. Depreciation accrued as of the assessing date, in the amount of $10,717.58, was taken for the realty on the books of the company, and should be deducted from cost for present purposes. An additional write-off on account of realty of $24,867.92 is sought to be deducted by the company, but this cannot be allowed, it not

appearing to represent depreciation accrued upon the assessing date, nor in anywise reflected upon the books of the company on said date. See *American Insurance Co.* v. *City of Newark, supra.* Real estate will accordingly be valued at $98,367.92.

The city's further attempt to include in gross assets an item of $35,457, representing reinsurance recoverable on unpaid losses, will not prevail, for reasons given in the *American Insurance Co.* opinion, *supra.*

Gross assets, including real estate, aggregate $6,775,420.97.

The amounts of debts and liabilities of the company were agreed upon by the parties, subject to legal questions raised by the city, (a) as to the deductibility of certain judgments and workmen's compensation awards against the petitioner's assureds, which, upon the assessing date, were pending upon appeal, and, to some extent, were thereafter reversed and canceled; and (b) as to the deductibility of taxes payable for the years 1937 and 1938.

Judgments and compensation awards actually entered on the assessing date are fixed liabilities of the company, and deductible notwithstanding the benefit of the hindsight afforded by the knowledge of subsequent events. *Commercial Casualty Insurance Co.* v. *State Board of Tax Appeals (Supreme Court,* 1937), 119 *N. J. L.* 94; 194 *Atl. Rep.* 390; *Prudential Insurance Co.* v. *City of Newark (State Board Tax Reports,* 1912-1934, *p.* 41).

So far as taxes are concerned, deduction will be allowed for 1937 taxes, but denied for those for the year 1938, for reasons set out at length in *American Insurance Co.* v. *City of Newark, supra.*

Proper deductions on account of debts and liabilities amount to $549,252.68. Deducted from gross assets, there remains $6,226,168.29, as capital and surplus.

Assessed real estate and exempt stocks, bonds and mortgages amount to $5,497,203.45. Deducting this sum from that determined for capital and surplus, leaves a taxable balance of $728,964.84. The judgment of the Essex County Board of Taxation will be reversed and the assessment ordered fixed at the figure last stated.