STATE BOARD OF TAX APPEALS.

NEW JERSEY MANUFACTURERS CASUALTY INSURANCE COMPANY, PETITIONER, v. CITY OF TRENTON, RESPONDENT.

Decided June 30, 1942.

For the petitioner, *George E. Meredith.*

For the respondent, *Louis Josephson.*

QUINN, President.   Petitioner is a stock insurance company, subject to taxation upon its personal property under *R. S.* 54:4-22; *N. J. S. A.* 54:4-22, as revised by the amendment thereof in *Pamph. L.* 1938, *ch.* 245.   The respondent taxing district levied an assessment for the year 1941 of $496,100 upon the personalty of the petitioner.   An appeal for the reduction thereof was dismissed by the Mercer County Board of Taxation.   Hence this appeal.   The statute, as amended, is as follows:

"Every stock insurance company organized under the laws of this state, other than a life insurance company, shall be assessed and taxed in the taxing district where its office is situated, upon the full amount or value of its property (exclusive of real estate and tangible personal property, which shall be separately assessed and taxed where the same is located,

and exclusive of all shares of stock owned by such insurance company and exclusive of non-taxable property and of property exempt from taxation), deducting from such amount or value all debts and liabilities certain and definite as to obligation and amount, and the full amount of all reserves for taxes, and such proportion of the reserves for unearned premiums, losses and other liabilities as the full amount or value of its taxable intangible property bears to the full amount or value of all its intangible property; provided, however, the assessment against the intangible personal property of any stock insurance company subject to the provisions of this section shall in no event be less than fifteen per centum of the sum of the paid-up capital and the surplus in excess of the total of all liabilities of such company, as the same are stated in the annual statement of such company for the calendar year next preceding the date of such assessment and filed with the department of banking and insurance of the state of New Jersey, after deducting from such total of capital and surplus the amount of all tax assessments against any and all real estate, title to which stands in the name of such company.

"The capital stock in any such company shall not be regarded for the purposes of this act as a liability and no part of the amount thereof shall be deducted, and the person or persons or corporations holding the capital stock of such company shall not be assessed or taxed therefor. No franchise tax shall be imposed upon any insurance company included in this section."

It is conceded that the company's assessment for the year in question is controlled by the proviso in the section establishing the fifteen per cent. minimum tax, and the issue in dispute is as to whether, in the computation of said minimum, petitioner is entitled to the deduction as a liability, of a so-called "contingency reserve," amounting to $1,375,000, set up as a liability on its annual statement, dated December 31st, 1939, filed with the Department of Banking and Insurance. Petitioner urges that the act literally calls for an allowance of this deduction, while respondent maintains that the decided cases disallowing deductions of contingent reserves, under the

act prior to the 1938 amendment, are still authoritative and require a disallowance of the deduction.

Prior to *Pamph. L.* 1938, *ch.* 245, the section read as follows:

"Every fire insurance company and every stock insurance company other than life insurance, shall be assessed in the taxing district where its office is situate, upon the full amount of its capital stock paid in and accumulated surplus. The real estate belonging to every such corporation shall be taxed in the taxing district where situated, and the amount of assessment upon the real estate shall be deducted from the amount of any assessment made upon the capital stock and accumulated surplus. No franchise tax shall be imposed upon any such fire insurance company or other stock insurance company included in this section."

This provision was construed as calling for a determination of capital stock and surplus by the deduction of debts and liabilities of the company from the true value of its gross assets, and the deduction therefrom not only of the assessed value of real estate, but also of any non-taxable or exempt property which has entered into the determination of such capital stock and surplus. *Fidelity Trust Co.* v. *Board of Equalization* (*Supreme Court,* 1908), 77 *N. J. L.* 128; 71 *Atl. Rep.* 61. But deductible liabilities were held not to include liabilities contingent or uncertain in nature, but only those fixed and certain with respect both to obligation and amount. *Trenton* v. *Standard Fire Insurance Co.* (*Court of Errors and Appeals,* 1909), 77 *N. J. L.* 757; 73 *Atl. Rep.* 606; *Commercial Casualty Insurance Co.* v. *State Board* (*Supreme Court,* 1937), 119 *N. J. L.* 94; 194 *Atl. Rep.* 390. Such a reserve as that here in question would not have been allowed as a deduction under the act prior to the amendment, since it is clearly contingent upon a decline in the value of the securities of the company equal to the amount of the reserve and is therefore not a certain liability. See, also, *Newark Fire Insurance Co.* v. *State Board* (*Supreme Court,* 1937), 118 *N. J. L.* 525; 193 *Atl. Rep.* 912; *Universal Insurance Co.* v. *State Board* (*Supreme Court,* 1937), 118 *N. J. L.* 538; 193 *Atl. Rep.* 915.

The change in the assessing methodology wrought by the 1938 amendment was undoubtedly induced by the onerous effect upon the companies of the construction of the act by the courts in the cases last above cited. The legislative recognition of the distinction between liabilities fixed and certain, on the one hand, and book liabilities regardless of certainty, on the other, is clearly manifest in the drafting of the amended section. In dealing with the computation of the minimum fifteen per cent. tax, the legislature has called for the determination of capital and surplus, "in excess of the total of *all liabilities, as the same are stated in the annual statement of such company * * * filed with the department of banking and insurance . * * *."* The liability here in question was stated as a liability by petitioner in its statement to the department. The department by formula fixes the basis upon which such reserves are set up. For this board to disregard the plain direction of the act that *all liabilities* stated in the company's report to the Department of Banking and Insurance, should be allowed as deductions, in the computation of the minimum tax, would constitute a thoroughly unwarranted subversion of the legislative intent, manifested in the clearest possible language. References in other parts of the section to liabilities certain and definite as to obligation and amount serve only to emphasize the different kind of qualification and description of the liabilities specified for deduction, in the computation of the minimum tax. We therefore hold the contingent reserve here in question deductible, for the purpose of computing the minimum tax to which petitioner was subject for the year 1941.

Petitioner's capital and surplus, as stated in its annual report for 1939, aggregate $2,550,279.60. Assessed real estate amounted to $37,797.42. The remainder, subject to the statutory minimum assessment of fifteen per cent., is $2,512,482.18. The taxable valuation is therefore $376,872.33. The prayer of the petitioner is for a reduction of the assessment to the sum of $377,372.33, and judgment granting same will be entered.