128      NEW JERSEY SUPREME COURT.

Fidelity Trust Co. v. B'd of Equaliz. Taxes.      77 *N. J. L.*

FIDELITY TRUST COMPANY, PROSECUTOR, v. THE BOARD
OF EQUALIZATION OF TAXES OF NEW JERSEY AND
THE MAYOR AND COMMON COUNCIL OF THE CITY OF
NEWARK.

Submitted July 2, 1908—Decided November 9, 1908.

1. In the taxation of trust companies under section 18 of the act of
   1903 (*Pamph. L., p.* 394) the full amount of capital and accu-
   mulated surplus must be ascertained by deducting from the gross
   assets at their true value the liabilities and debts of the company.
2. From the full amount of capital and accumulated surplus of
   trust companies thus ascertained, the true value of all assets by
   law exempt from taxation is to be deducted; the balance thus
   ascertained is the amount upon which the tax is to be assessed,
   less the amount of the assessment upon their real estate.

On *certiorari.*

Before Justices REED, BERGEN and VOORHEES.

For the prosecutor, *Samuel W. Beldon.*

For the defendants, *Francis Child, Jr.,* and *Herbert Boggs.*

The opinion of the court was delivered by

VOORHEES, J.   The writ in this case runs to the board of
equalization of taxes of New Jersey, to remove its judgment
affirming the decision of the Essex county board of taxation,
which, upon appeal to it, confirmed a tax assessment for the
year 1907 made and levied against the prosecutor, the Fidelity
Trust Company.

From the agreed facts in the case it appears that the trust
company is a corporation existing under the laws of New
Jersey with its office in the city of Newark; that on the
20th day of May, 1907, its capital and accumulated surplus

amounted to ...........................$9,269,342 71
That it held real estate amount-
   ing to .....................   $56,778 25
That its capital and accumulated
   surplus on that date were *pro*
   *tanto* invested in non-taxable
   or exempt securities to the
   amount of ................. 9,000,439 59
                   —————— 9,057,217 84

Deducting the last two items a taxable balance
   is shown of............................ $212,124 87

On the above balance of $212,124.87, being the capital and
accumulated surplus after deduction of the value of its real
estate and its non-taxable securities, the assessment for the
year 1907 was made against said company by the taxing au-
thorities of Newark. The tax so assessed was thereupon duly
paid by the prosecutor.

It appears, also, that among the assets of the company are
one thousand five hundred and five shares of the capital stock
of the Union National Bank of Newark, of the par value of
$150,500, and that these shares, after the assessment had been
made against the prosecutor upon its capital stock and sur-
plus, were, in addition thereto, assessed for taxation at the
sum of $228,960. From the assessment of these bank shares
the appeal in question was made to the board of equalization
of taxes, which, by its judgment, confirmed said tax.

The Revised Tax act of 1903 (*Pamph. L., p.* 394) provides
"that every fire insurance company and every trust company
shall be assessed   *   *   *   upon the full amount of its capi-
tal stock paid in and accumulated surplus; the real estate
belonging to· every such corporation, however, shall be taxed
in the taxing district where such real estate is situated, and
the amount of assessment upon such real estate shall be de-
ducted from the amount of any assessment made upon the
capital stock and accumulated surplus as herein provided for."

That the stocks and securities exempt by law should be deducted in computing the taxable value of the capital and accumulated surplus, is settled by the case of *Trenton* v. *Standard Fire Insurance Co.,* 47 *Vroom* 79; *Lippincott* v. *Lippincott,* 46 *Id.* 795.

There is no merit in the contention that the bank stock escapes taxation by reason of making the assessment upon the capital and accumulated surplus, or that such fact conclusively appears, because the value of such bank shares exceeds that of the net taxable capital and surplus. In order to ascertain the capital and surplus it is necessary to find the true value of the gross assets. From this must be deducted debts and liabilities, the remainder will be the value of the capital and surplus, if any. This remainder for the purposes of taxation is to be still further reduced by the assessment of the real estate and non-taxable securities of the company, and it is evident that if these bank shares were included in the gross assets, as we must presume they were, they have not escaped taxation. Their value has been computed in and contributed to the portion of the gross assets which have been set off against the liabilities. This method of assessment is only a mode of ascertaining the value of the property of the trust company above its liabilities. Of course, it presupposes that the values used to this end are true values within the constitutional meaning. The result obtained is similar to assessments against individuals where the assessors value all the property and *deduct debts.*

Having thus ascertained these results there is one remaining factor to be considered. Is this net result made up in whole or in part of non-taxable property? If so, then such non-taxable securities must be deducted, for to tax the fund, composed of exempt property, is to tax such exempt property. *Newark City Bank* v. *Newark,* 1 *Vroom* 11.

This also must be so, in order to make uniform the method of taxation of the assets of corporations and the property of individuals.

Therefore it appears that in the present assessment the

bank stock has been taxed.   It is included in the general statement, but as the liabilities are offset against it, it has lost its identity just as all other assets lose their identity in this method, but their value is not dissipated by being thus dealt with.

Having thus shown that the stock has not escaped taxation, the contention that the eighteenth section of the Tax act of 1903 is in violation of paragraph 11, section 7, article 4 of the constitution, because exempting trust companies from taxation upon national bank stock as such, held by them, must fall.

The final point made by the defendant is that the capital stock must be valued at its true value, and that as its selling price in 1907 was about $600 per share, the assessment should be upon $12,000,000, from which the deduction for non-taxable securities, $9,000,000, should be made, leaving $3,000,000 for taxation.

This, however, is not the method prescribed by the act.   It is true, as before said, that all the securities should, in ascertaining the total assets, be valued at their true values.   This presumably has been done by the officers charged with the duty of making the assessment—thus the true value of all the property of the company has been ascertained.   The market value of shares is not the criterion prescribed by law, and may not, in fact, indicate the aggregate values of all the securities. All possible taxable value will be gathered up in the two items of capital and surplus.

The assessment on the bank stock as such, in addition to and separated from the assessment on capital stock and surplus, should be set aside, and the judgment of the state board reversed.