STATE BOARD OF TAX APPEALS.

FRANKLIN MORTGAGE AND TITLE GUARANTY CO., PETI-
TIONER, v. CITY OF NEWARK, RESPONDENT.

Decided December 19, 1939.

For the petitioner, *Elmer O. Goodwin.*

For the respondent, *James F. X. O'Brien* (by *Vincent J. Casale*).

QUINN, President. Petitioner, a stock insurance company engaged in the business of insuring titles to real estate in this state, was assessed by the city of Newark, where its principal office is located, in the sum of $124,000 for the year 1937, upon its capital stock paid in and accumulated surplus, under *Pamph. L.* 1918, *ch.* 236, § 307. Though since revised (*Pamph. L.* 1938, *ch.* 245), section 307 was controlling upon the assessing date for the year in question and provided as follows (*R. S.* 54:4-22):

"Every fire insurance company and every stock insurance company other than life insurance, shall be assessed in the

taxing district where its office is situate, upon the full amount of its capital stock paid in and accumulated surplus. The real estate belonging to every such corporation shall be taxed in the taxing district where situated, and the amount of assessment upon the real estate shall be deducted from the amount of any assessment made upon the capital stock and accumulated surplus. No franchise tax shall be imposed upon any such fire insurance company or other stock insurance company included in this section."

The Essex County Board of Taxation affirmed the assessment on appeal.

Under *Fidelity Trust Co.* v. *Board of Equalization of Taxes of New Jersey (Supreme Court, 1908), 77 N. J. L.* 128; 71 *Atl. Rep.* 61, this statute requires the additional deduction from capital and surplus of such of the company's assets entering into the determination thereof, as consist of non-taxable or exempt securities or property, for the purpose of ascertaining the net balance taxable.

The financial statement of petitioner, as of October 1st, 1936, as shown by proof at the hearing, was as follows:

ASSETS

| | |
|---|---:|
| Mortgage loans owned | $788,287.12 |
| Cash in banks | 87,903.33 |
| Cash in trust account | 31,538.85 |
| Government and HOLC bonds | 148,450.00 |
| Real estate, including home office | 465,113.04 |
| Furniture and fixtures | 2,191.73 |
| Accounts receivable | 10,013.82 |
| Notes receivable | 14,786.95 |
| Mortgage trust certificates | 3,387.80 |
| Advance on mortgage loans | 28,293.93 |
| Mortgagors suspense accounts | 123,884.22 |
| Advances on service accounts | 1,402.63 |
| Prepaid insurance | 856.17 |
| Interest due and accrued | 7,398.86 |
| | $1,713,508.45 |

LIABILITIES

| | |
|---|---:|
| Mortgage bonds outstanding | $876,600.00 |
| Trust accounts | 12,728.06 |
| Mortgage payable | 20,000.00 |
| Interest due and accrued | 65,064.70 |
| Accounts payable | 1,500.00 |
| Reserve for contingencies | 200,000.00 |
| Reserve for title insurance losses | 6,500.00 |
| Capital | 300,000.00 |
| Surplus | 200,000.00 |
| Undivided profits | 31,115.69 |

$1,713,508.45

Under the *Fidelity Trust Co. case, supra,* capital and surplus (capital stock paid in and accumulated surplus) are determined by deducting liabilities from gross assets. But only fixed and certain obligations are deductible liabilities for this purpose. *Trenton* v. *Standard Fire Insurance Co. (Court of Errors and Appeals,* 1909), 77 *N. J. L.* 757; 73 *Atl. Rep.* 606. The liability items in the foregoing statement described as "reserve, &c.," therefore, do not qualify as deductible. Deducting the other liabilities shown in the statement from the gross assets leaves a true figure for tax purposes of $737,615.69, as petitioner's capital and surplus. From this amount petitioner claims the statutory deductions of $240,670, as the assessed value of real estate owned by the company, government and HOLC bonds in the amount of $148,450, and the total of non-taxable mortgages owned by the company in the amount of $788,287.12. The aggregate of these figures deducted from capital and surplus, obviously suffices to eliminate any taxable balance for taxation.

The city of Newark resists the claim for the deduction of the mortgages as in effect duplicating the allowance for bonds as deductible liabilities in computing petitioner's capital and surplus. This contention, however, is without substance. The mortgages for which the company claims deduction are its own, legally and equitably, and unquestionably

do enter into the determination of its capital and surplus. It is true that $599,545.66 worth of these mortgages were deposited in pledge with Franklin Washington Trust Company, in trust, to secure the bondholders. But in the absence of any default on the bonds, such pledge in no sense vitiates petitioner's full title to the assets pledged. See *Howell* v. *Bartlett* (*Court of Chancery,* 1939), 124 *N. J. Eq.* 544; 3 *Atl. Rep.* (*2d*) 300, where the qualified interest of bondholders in such a situation is considered.

Petitioner was accordingly possessed of an absolute right to the deduction of the mortgages here in question, resulting in a cancellation of taxable balance for the year 1937.

The judgment of the Essex County Board is reversed, and the assessment ordered vacated.