STATE BOARD OF TAX APPEALS.

FIREMEN'S INSURANCE COMPANY, PETITIONER, v. CITY OF NEWARK, RESPONDENT.

Decided March 19, 1940.

For the petitioner, *Lum, Tamblyn & Fairlie* (by *John M. Leavens*).

For the respondent, *James F. X. O'Brien* (by *Raymond Schroeder*).

QUINN, President.   Petitioner, a stock insurance company, its principal office being in the city of Newark, was assessed for the year 1938 by that taxing district, upon the amount of its capital stock paid in and accumulated surplus, in the sum of $4,977,726:   It is agreed that such an assessment is subject to the provisions of *Pamph. L.* 1918, *ch.* 236, § 307 (since amended by *Pamph. L.* 1938, *ch.* 245 (*R. S.* 54:4-22)). An appeal praying reduction of this assessment was dismissed by the Essex County Board of Taxation.

The parties by oral stipulation agreed upon the amounts of all the gross assets, the fixed debts and liabilities and with respect to the items of property entitled to exemption from taxation.   Included in these latter items are the shares of stock of the New Jersey Investment Company, a New Jersey corporation, wholly owned by petitioner.

It is settled that the formula of valuation applicable under section 307 consists of the deduction from the gross assets of the stock insurance company (a) debts and liabilities; (b) assessed real estate; (c) assets which are exempt or non-taxable under the tax statutes, and finally, the assessment of the remainder if any. *Fidelity Trust Co.* v. *Board* (*Supreme Court,* 1908), 77 *N. J. L.* 128; 71 *Atl. Rep.* 61.

The sole issue in the case *sub judice* is whether the full value of the shares of stock of the New Jersey Investment Company aforementioned is subject to exemption under *Pamph. L.* 1918, *ch.* 236, § 203 (*R. S.* 54:4-3.8), exempting from taxation shares of stock in New Jersey corporations, the capital or property of which is made taxable to and against such corporation. The parties agree that New Jersey Investment Company shares have a value of $21,902,336.18, of which $19,979,615.34 represents the value of stocks of affiliate companies, and $1,854,665.64, the excess of all other assets of the company over its liabilities. No reason is assigned by the city upon this appeal, and we conceive of none, why petitioner is not entitled to the deduction of the full value of the New Jersey Investment Company shares, howsoever comprised. The deduction will be allowed in full and the assessment reduced to the sum of $3,311,025.19.