STATE BOARD OF TAX APPEALS.

CITY OF NEWARK, PETITIONER, v. THE NATIONAL COMMERCIAL TITLE AND MORTGAGE GUARANTY COMPANY, RESPONDENT.

Decided May 12, 1942.

For the petitioner, *Vincent J. Casale.*

For the respondent, *Lindabury, Steelman, Zink & Lafferty* (by *James L. R. Lafferty*).

QUINN, President. The Essex County Board of Taxation canceled an assessment in the sum of $100,000, levied for the year 1938 by the City of Newark upon the capital stock paid in and accumulated surplus of the respondent, under the provisions of *Pamph. L.* 1918, *ch.* 236, § 307 (*R. S.* 54:4-22; *N. J. S. A.* 54:4-22). This assessment was made as of October 1st, 1937, and is not affected by the revision of *R. S.* 54:4-22; *N. J. S. A.* 54:4-22, accomplished by *Pamph. L.* 1938, *ch.* 245. The City of Newark appeals for a restoration of the assessment as made.

Under the statute and interpreting cases (*Fidelity Trust Co.* v. *Board of Equalization* (*Supreme Court,* 1908), 77 *N. J. L.* 128; 71 *Atl. Rep.* 61), the assessed valuation is to be deter-

mined by deducting the fixed liabilities of the company from its gross assets, thus arriving at its capital stock and surplus, and then deducting therefrom the assessed value of its real estate, and the amount of any non-taxable or exempt property *entering into the determination of such capital stock and surplus,* if any.

. For the tax year 1937, this board sustained an assessment in the sum of $200,000 upon this company, *The National Commercial Title and Mortgage Guaranty Co.* v. *City of Newark;* 18 *N. J. Mis. R.* 186; 11 *Atl. Rep.* (2d) 759, and that ruling was affirmed by the Supreme Court, (*Supreme Court,* 1940), 125 *N. J. L.* 503; 16 *Atl. Rep.* (2d) 553. We there analyzed the financial structure of the taxpayer and found that the proofs submitted indicated that only a part of the mortgage assets on its books represented its own interest therein, as distinguished from the beneficial interest in such property belonging to investors, to whom entire or partial interests in certain mortgages had been sold by the company, with guarantees of payment of principal and interest. We further found that the proofs did not indicate precisely what part of the *assessed value* of real estate assessed in the name of the company, belonged to it, free from and unencumbered by any beneficial interest of mortgage investors therein, arising out of the foreclosure of mortgages. . We held, and were sustained by the Supreme Court in that regard, . that the statutory deduction for assessed value of real estate could apply only to the assessments upon real estate belonging to the company *free of trust.* 125 *N. J. L.* (at *p.* 506) ; and see *Kelly* v. *Middlesex Title Guaranty and Trust Co.* (*Court of Chancery,* 1934), 116 *N. J. Eq.* 228; 172 *Atl. Rep.* 487. We did attempt, in our opinion, to estimate the extent of the company's interest in assessed realty, on the basis of the information before us, not by way of establishing a proper method of proof, but in order to indicate that the city could have properly levied an assessment against the company, considerably in excess of that appealed from, within any aspect of the proofs.

Our disposition of the present appeal requires the setting forth of the company's operating statement, as of the assess-

ing date. References to a "plan," are to a plan of operations promulgated by the Commissioner of Banking and Insurance, under which the company was operating on the assessing date.

### ASSETS

| | | | |
|---|---|---:|---:|
| (1) | First Mortgage Loans Sold Guaranteed (Subject to Plan) . . . | $958,482.35 | |
| (2) | Real Estate . . . . . | 479,210.00 | |
| (3) | Accounts Receivable — Advance for payment of Taxes, Ins., etc., | 116,195.42 | |
| | | | $1,553,887.77 |
| (4) | First Mortgage Loans Sold Guaranteed (Not Subject to Plan) . . | $287,960.38 | |
| (5) | Real Estate . . . . . . . | 64,967.09 | |
| (6) | Accounts Receivable — Advances for payment of Taxes, Ins., etc., | 1,891.80 | |
| | | | 354,819.27 |
| (7) | First Mortgage Loans Deposited with Trustees to Secure Group Certificates Sold Guaranteed. | $10,143,198.82 | |
| (8) | Real Estate . . . | 5,226,291.99 | |
| (9) | Accounts Receivable — Advances for payment of Taxes, Ins., etc., | 280,373.10 | |
| (10) | Cash Collateral . . . . . . | 181,453.18 | |
| | | | 15,831,317.09 |
| (7a) | First Mortgage Loans Deposited with Trustees to Secure Group Mortgage Trust Bonds (Subject to Plan) . . . . . . | $739,586.95 | |
| (8a) | Real Estate . . . . . . . . | 78,735.52 | |
| (9a) | Accounts Receivable — Advances for payment of Taxes, Ins., etc., | 29,542.66 | |
| | | | 847,865.13 |
| (11) | First Mortgage Loans Deposited with Trustees to Secure Participation Certificates Sold Guaranteed (Subject to Plan) . . . . | $339,285.00 | |
| (12) | Real Estate . . . . . | 748,853.36 | |
| (13) | Accounts Receivable — Advances for payment of Taxes, Ins., etc., | 34,517.71 | |
| (14) | Cash Collateral . . . . . . . . . . . | . . . . . . . | |
| | | | 1,122,656.07 |
| (15) | First Mortgage Loans Deposited with Trustees to Secure Part. Ctfs. Sold Guaranteed (Not subject to Plan) . . . . . | $456,054.60 | |
| (16) | Real Estate . . . . . . | 3,428.62 | |
| (17) | Accounts Receivable . . . . . . . . | 247.67 | |
| (18) | Cash Collateral . . . . . . . . . | 370.00 | |
| | | | 460,100.89 |

(19) First Mortgage Loans Pledged with Reconstruction Finance Corporation to secure loan of $273,132.19 ............ .... . $647,260.70

(20) Real Estate ... ... ....... 213,644.78

(21) Accounts Receivable .......... 9,910.08

(21x) Funds on Deposit . . ....... 4,467.28

|  |  |
|---|---:|
|  | 875,282.84 |

. (22) (a. First Mortgage Loans Owned by Company,      984,496.82

(b. Real Estate Owned by Company (at Cost),      713,774.09

(c. Junior Participations in Mortgages Withdrawn ................ ... . ..      391,395.45

(d. Second Mortgages Acquired Through H. O. L. C. Refinancing ... ............ .. . ...      150,816.95

(e. Cash on Hand and in Banks .. ......... .      158,862.44

(f. Investments in Stocks (at Cost) . ......      168,671.81

(g. Investments in Bonds (at Cost) ....·..      14,761.86

(h. Investments in Home Owners Loan Corp. Bonds (at Cost) ....... .... .... ....      51,000.00

(i. Investments in Scrip (at Cost) .... ....      20.00

(j. Investments in Lawyers Title Guaranty Co. of N. J. (at Cost) .... .............:.....      621,346.04

(k. First Mortgage Certificates in Company issues owned by Company ........ ...      252,425.00

(l. Interest Receivable Matured & Accrued .      2,095,233.57

(m. Accounts Receivable .... ..........      319,921.70

(n. Notes Receivable .... ......... ....... .      349,150.27

(o. Interests in Tax Sale Certificates Purchased with Borrowed Funds Pledged ..      93,693.72

(p. Title Plant ...................... .......      1.00

Furniture & Fixtures ...... $20,331.06

Less: Reserve for Furn. & Fix. . ................ 19,696.80

|  |  |
|---|---:|
|  | 634.26 |

Suspense ............................ ...      11,925.00

Total Assets ........... ... .......... .... $27,424,059.04

## LIABILITIES

A. Guaranteed First Mortgages Issued and Outstanding (Subject to Plan) .... .... . ..,.      $1,283,680.65

B. Guaranteed First Mortgages Issued and Outstanding (Not Subject to Plan) .............      333,929.26

C. First Mortgages Not Guaranteed ...............      47,113.44

D. Guaranteed First Mortgage Participation Certificates Issued and Outstanding—Group Series (Subject to Plan) ........... ............. .      14,437,464.27

First Mortgage Trust Bonds

Da. Home Title Gty. Co. Series G. ..... $46,200.00

Mortgage Trust Bonds

| | | |
|---|---|---:|
| Db. | Mortgage & Title Gty. Co. Series A-B-C .... .... ..... | 260,100.00 |
| Dc. | City Mortgage Guaranty Co. Series A to F .... .. .. | 468,100.00 |
| | | 774,400.00 |
| E. | Guaranteed First Mortgage Participation Certificates Issued and Outstanding—Participation Series (Subject to Plan) ... ... ... | 690,604.79 |
| F. | Guaranteed First Mortgage Participation Certificates Issued and Outstanding—Participation Series (Not Subject to Plan) .... .. | 380,906.01 |
| G. | Notes Payable—Reconstruction Finance Corporation ....... . . .... .. .. | 273,132.19 |
| H. | Funds Borrowed to Purchase Certificates of Tax Sales (Collateralized by Interest in Tax Sale Certificates) . . .... ... . . | 94,266.50 |
| I. | Mortgages Payable . . . .... .. . . | 128,600.00 |
| J. | Accounts Payable . .... .... .... . . | 68,041.96 |
| K. | Interest Payable—Matured and Accrued ... | 2,604,264.71 |
| L. | Reserve for Depreciation on Real Estate .... | 365,813.48 |
| M. | Reserve for Contingencies and Doubtful Accounts, | 2,453,791.06 |

| | | |
|---|---:|---:|
| Total Liabilities . ..... . .... | | $23,936,008.32 |
| Capital Stocks Issued and Outstanding .... . . ... | $2,966,696.00 | |
| Surplus ... . ... . . ... | 521,354.72 | |
| Undivided Profits . .. ... . | | |
| | | 3,488,050.72 |
| Total Liabilities, Capital and Surplus . . | | $27,424,059.04 |

This statement was introduced in evidence by respondent, as *Exhibit R-2*. Its secretary-treasurer, as a witness, drew the following conclusions therefrom. First, seeking to determine respondent's interest or equity in the guaranteed mortgages, or mortgage interests, he added items 1, 4, 7, 7a, 11 and 15, aggregating $12,924,568.10. Real estate representing guaranteed mortgages, being items 2, 5, 8, 8a, 12 and 16, totaled $6,601,486.58. The total for guaranteed mortgages and real estate allocable thereto is thus $19,526,054.68. Now deducting liabilities upon mortgage guarantees, including bonds of merged companies (Da, b and c), being items A, B, D, Da, b, and c, E and F, in the sum of $17,900,984.98, there remains the sum of $1,625,069.70 as respondent's equity in the guaranteed mortgages, and in the realty allocable thereto.

Other assets of the company are items 3, 6, 9, 9a, 10, 13, 14, 17 and 18, held on account of guaranteed mortgage interests, amounting to $644,591.54, and other company assets, items 19, 20, 21, 21x and 22, of $7,253,412.82. Gross assets of the company thus are:

| | | |
|---|---|---|
| As above derived | $1,625,069.70 | |
| | 644,591.54 | |
| | 7,253,412.82 | |
| Total | $9,523,074.06 | |

Deductible liabilities, being items G, H, I, J, K, aggregate $3,168,305.36. The other liabilities are not deductible, not being fixed and certain. *Commercial Casualty Insurance Co.* v. *State Board* (*Supreme Court,* 1937), 119 *N. J. L.* 94; *Newark Fire Insurance Co.* v. *State Board* (*Supreme Court,* 1937), 118 *Id.* 525; *Universal Insurance Co.* v. *State Board* (*Supreme Court,* 1937), 118 *Id.* 538. To this point, both the company and the city are in agreement. Adjusted capital stock and accumulated surplus is then as follows:

| | |
|---|---|
| Gross Assets . . . .. .. .... .. | $9,523,074.06 |
| Liabilities . . . . . . . . . . . . . . . . . | 3,168,305.36 |
| Capital Stock and Surplus .. .. | $6,354,768.70 |

Respondent now proceeds to calculate allegedly deductible exempt and non-taxable items. There is no dispute that items 19, 22 (a), (c), (d), (f), (g), (h), (j) and (k), are properly deductible. These amount to $3,282,174.63. Respondent asserts a right also to include as a deductible exemption, item 7a, in the sum of $739,586.95. This is disputed by the city for the reason that that item has not entered into the computation of the valuation of the capital stock and surplus. This objection we think is sound. In computing respondent's own interest or equity in its outstanding guaranteed mortgages, its witness included item 7a, and in deducting company guarantees for the purpose stated, items Da, b and c were included in the deductions. This was proper, since the said Da, b and c represent fixed bond obligations of companies

merged into respondent, for which the assets in item 7a, had been deposited as security. *Franklin Mortgage and Title Guarantee Co.* v. *City of Newark, New Jersey Tax Reports, 1934-1939, p.* 793. After making these deductions it was seen above that the company's equity in guaranteed mortgages, *including item 7a,* after deducting all liabilities, *including Da, b and c,* was $1,625,069.70. We should, of course, deduct that part of this sum which represents exempt mortgages, but to do that, and then additionally to deduct item 7a, would be to allow a reduction in the company's assessment on account of property *not entering into the determination of its capital stock and surplus,* in clear violation of the rationale of the cases construing the statute. In *Fidelity Trust Co.* v. *Board of Equalization, supra,* the court said that after determining the net assets of a company under this statute, it is necessary to inquire:

"Is this net result made up in whole or in part of non-taxable property? If so, then such non-taxable securities must be deducted; for to tax the fund, composed of exempt property, is to tax such exempt property. *Newark City Bank* v. *Newark,* 30 *N. J. L.* 13."

We conclude thus that respondent is not entitled to any deduction of item 7a, other than in the sense that it contributes to the mortgage constituent of the net figure of $1,625,069.79, *supra,* for which a proper deduction should be allowed. Both the city and the respondent take the view that, although the exact mortgage content of that figure is not in evidence, it may be estimated as 66 2/3% thereof, as against 33 1/3% for real estate. This amounts to $1,083,379.78, and is the figure deductible as respondent's mortgage interest in the guaranteed mortgages.

There remains for consideration the question of deduction for assessed realty. Respondent has computed its own interest in the total assessed valuation of realty held by it, as amounting to $1,394,417.16. The city's expert computes it as $1,171,408.56. Neither of the experts has proven that which is crucial in this regard, *i. e.,* the assessed value of all real estate held by respondent *free of any trust.* Assuming, though not conceding, the accuracy of respondent's figures in

this connection, however, there nevertheless remains, after making all proper allowances, a taxable balance against respondent in excess of the assessment.

| | | |
|---|---:|---:|
| Adjusted Capital Stock and Surplus ... ... . ..... | | $6,354,768.70 . |
| Non-taxable Property Generally...... | $3,282,174.63 | |
| Interest in Guaranteed Mortgages .... | 1,083,379.78 | |
| Respondent's figures as to its estimated interest in asesssed realty ........ | 1,394,417.76 | |
| Total . ..... ...... ...... | $5,759,971.57 | |
| Minimum Taxable Balance ....... ...... ........ | | $594,797.13 |

It results that the judgment of the Essex County Board must be reversed and the assessment originally made by the city restored.

Judgment accordingly.